**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-20-00089-CR**
**NO. 09-20-00092-CR**

_____

**DAMON TREY ANSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the 9th District Court**
**Montgomery County, Texas**
**Trial Cause Nos. 19-03-04050-CR, 19-03-04051-CR**

_____

**MEMORANDUM OPINION**

Appellant Damon Trey Anson appeals his two convictions for manufacture or possession with intent to deliver a controlled substance. In two issues, Anson contends that the prosecutor engaged in improper jury argument and trial counsel provided ineffective assistance. We affirm the trial court's judgments.

1

## PERTINENT BACKGROUND

In an open plea, Anson pleaded guilty to two charges of manufacture or possession with intent to deliver a controlled substance. The trial court conducted a trial on punishment during which the State presented five law enforcement officers who testified regarding Anson's current and past drug offenses, which included a history of dealing narcotics. The defense presented Nancy Shuman, the outreach manager with Cenikor Foundation, who testified that Anson had been accepted into the Cenikor program, which is an inpatient substance use treatment facility. Shuman testified that the program does not discriminate regarding admission into the facility, and Shuman explained that she was not concerned about Anson's history of dealing narcotics. The defense also presented testimony from Anson, Anson's girlfriend, and Anson's mother regarding Anson's drug addiction and how he could benefit from a drug rehabilitation program.

During closing argument, the prosecutor argued that "drug court, Cenikor, rehabilitation programs are not designed for somebody who is a dealer[,]" and defense counsel made no objection. Defense counsel asked the trial court to give Anson a chance to get drug treatment. After considering the evidence during punishment, the trial court assessed Anson's punishment at twenty years of confinement in each case and ordered that the sentences run concurrently.

ANALYSIS

In issue one, Anson complains that the prosecutor's statement during closing argument that "rehabilitation programs are not designed for somebody who is a dealer" was not supported by the evidence and amounted to prosecutorial misconduct that denied him a fair trial. The State argues that Anson failed to preserve his complaint for our review.

To preserve error, the party that seeks to complain about the alleged error in the appeal must show that (1) he lodged a timely objection, which notified the trial court of his complaint, and (2) the trial court ruled adversely on the objection. *See* Tex. R. App. P. 33.1(a); *Cooks v. State*, 844 S.W.2d 697, 727 (Tex. Crim. App. 1992). The right to a trial untainted by an improper jury argument is forfeitable even if the argument is incurable. *Hernandez v. State*, 538 S.W.3d 619, 622-23 (Tex. Crim. App. 2018). An alleged erroneous jury argument must be preserved by objection or any error is waived. *Id.* at 623; *see Archie v. State*, 221 S.W.3d 695, 699 (Tex. Crim. App. 2007).

The record shows that during the trial, Anson did not object to the challenged argument. Accordingly, we conclude that Anson failed to preserve his complaint for our review. *See* Tex. R. App. P. 33.1(a); *Hernandez*, 538 S.W.3d at 623; *Archie*, 221 S.W.3d at 699. We overrule issue one.

In issue two, Anson argues that trial counsel was ineffective by failing to object to the prosecutor's alleged improper statement during closing argument. To establish that he received ineffective assistance of counsel, Anson must demonstrate that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The party alleging ineffective assistance has the burden to develop facts and details necessary to support the claim. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). A party asserting an ineffective-assistance claim must overcome the "strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). An appellant's failure to make either of the required showings defeats the claim of ineffective assistance. *Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003).

The right to effective assistance of counsel ensures the right to reasonably effective assistance and does not require that counsel must be perfect. *See Ingham v. State*, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984). Isolated failures to object ordinarily do not constitute ineffective assistance of counsel. *See id.* Ordinarily, on direct appeal, the record will not have been sufficiently developed to demonstrate in the appeal that trial counsel provided ineffective assistance under the *Strickland*

4

standards. *Menefield v. State*, 363 S.W.3d 591, 592-93 (Tex. Crim. App. 2012). Before we denounce trial counsel's actions as ineffective, counsel should normally be given an opportunity to explain the challenged actions. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). When counsel has not been given an opportunity to explain the challenged actions, we will find deficient performance only when the conduct was "'"so outrageous that no competent attorney would have engaged in it."'" *Id.* (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)).

The record does not indicate that Anson filed a motion for new trial to allege ineffective assistance. The record is silent as to trial counsel's tactical and strategic decision making. Moreover, Anson did not demonstrate that, but for counsel's alleged errors, the outcome of his trial would have been different. *See Graves v. State*, 310 S.W.3d 924, 929 (Tex. App.—Beaumont 2010, pet. ref'd). In addition, trial counsel's ineffectiveness is not apparent from the record. *See Freeman v. State*, 125 S.W.3d 505, 506-07 (Tex. Crim. App. 2003). Anson cannot defeat the strong presumption that counsel's decisions during trial fell within the wide range of reasonable professional assistance. *See Thompson*, 9 S.W.3d at 814. Since nothing in the record supports the conclusion that trial counsel's failure to object to the prosecutor's argument was so outrageous that no competent attorney would have

engaged in it, we overrule Anson's second issue. *See Goodspeed*, 187 S.W.3d at 392.

Having overruled both of Anson's issues, we affirm the trial court's judgments.

AFFIRMED.

_____
W. SCOTT GOLEMON
Chief Justice

Submitted on May 21, 2021
Opinion Delivered June 9, 2021
Do Not Publish

Before Golemon, C.J., Kreger and Johnson, JJ.