Keel, J., delivered the opinion of the unanimous Court.
Appellant was convicted of murder and sentenced to fourteen years in prison. The issue before us is whether he preserved his complaint about the State's jury argument even though he did not pursue his objection to an adverse ruling.
Appellant contends that he received an adverse ruling because the trial court initially overruled his objection. Alternatively, he claims that the State's argument was so egregious that the "traditional mode of error preservation" should not be required *621 of him. The court of appeals agreed with him in a split opinion and reversed his conviction. Hernandez v. State , 508 S.W.3d 737 (Tex. App.-Ft. Worth 2016, pet. granted).
We granted the State Prosecuting Attorney's petition for discretionary review to determine whether the right not to be subjected to improper jury argument is forfeitable and whether there is a word so inflammatory that its mention in closing argument when unsupported by the evidence incurably taints the entire trial. We hold that the right is forfeitable and that the mention of even a very inflammatory word that is outside the record does not dispense with error preservation requirements. Consequently, we reverse the judgment of the court of appeals.
FACTS
The victim, Devin Toler, was sleeping with the wife of his neighbor, Appellant. After Appellant learned of the affair, he and Toler had several verbal confrontations. On the fatal day, Toler, Quionecia Barber, and their 19-month-old daughter were outside near their apartment building when Appellant walked by and yelled at Toler about the affair. Barber asked the men to stop arguing in front of her daughter, and Appellant said, "Fuck that bitch, no one cares about her." Toler then ran toward Appellant, and a fist-fight ensued.
Barber turned her back to chase after her toddler, and by the time she returned, the fist-fight had ended, and Appellant had gone back to his apartment. Toler then collapsed to the ground. Barber saw blood coming from a wound on Toler's chest and called 911. Paramedics administered first aid and transported Toler to the hospital, but he died.
Appellant spoke to police at the scene. According to the investigating detective, Appellant admitted cussing at Toler and directing "racial slurs" at him. He claimed that he stabbed Toler in self defense and denied that he provoked the confrontation.
In closing argument, defense counsel asserted that Toler had provoked the confrontation by having slept with Appellant's wife. The State replied by asserting that Appellant had provoked the difficulty with his words: "What were the words of provocation? I'll tell you what the words of provocation were. [Appellant] called [Toler] and his family 'niggas.' That's what it was." Defense counsel objected:
DEFENSE: Your Honor, objection. That is certainly outside the record. That is not in the record at all.
COURT: The jury will recall the testimony.
DEFENSE: No, Your Honor. That is not in the record. It is simply not there.
COURT: Overruled.
DEFENSE: Can I ask where that is in the record?
COURT: Overruled.
DEFENSE: Wow.
COURT: Come up, [Defense]. Come up.
(BENCH CONFERENCE PROCEEDINGS:)
COURT: What testimony-
DEFENSE: That word was not there, Judge. That's inflammatory-
COURT: Excuse me-
DEFENSE: It's inflammatory and decidedly inflammatory.
STATE: They can infer that. He said he called him a racial slur. What other racial slur are you going to call a black person? You can infer from the evidence that that's what he said.
DEFENSE: That's-
COURT: Hold on. All right. Tell you what. You can say the word "racial slur."
*622 You can say, "racial slur" and not the actual word.
STATE: Okay.
(OPEN COURT PROCEEDINGS:)
COURT: All right. Ladies and gentlemen, I will sustain the objection.
DEFENSE: Ask the jury be instructed to disregard the comment of Counsel.
COURT: Disregard the comment of Counsel.
STATE: What were the words of provocation? You heard the evidence. You listened to every witness. You heard [the investigating detective] tell you that he talked to the Defendant, and the Defendant admitted to him that on the day of this offense, this Defendant walked to the basketball court, and he used racial slurs. You can infer from the evidence and use your common sense as to what that was.
This record demonstrates that, although the trial court initially overruled Appellant's objection to the State's use of the word "niggas," it ultimately sustained the objection and instructed the jury to disregard the argument, thereby granting Appellant all the relief he requested.
COURT OF APPEALS
In reversing the conviction, the court of appeals' lead opinion questioned how waiver could apply when "the trial court was not given the opportunity to 'fix' the unfixable problem." Hernandez , 508 S.W.3d at 744. It held that Appellant preserved his complaint and that the harm caused by the prosecutor's statement could not be cured by "the vague and perfunctory" instruction to disregard given by the trial judge. Id. at 747.
The concurring opinion characterized the improper argument as prosecutorial misconduct that denied Appellant his right to a fair trial. Id. The concurrence said that Appellant's failure to request a mistrial did not constitute a waiver of his right to raise the issue of prosecutorial misconduct on appeal. Id. at 750.
The dissent agreed that the prosecutor's behavior was improper and inexcusable but contended that the court was constrained by precedent requiring preservation of this type of error. Id. at 750-51. Because Appellant did not request either a more specific instruction to disregard or a mistrial, and the error was not absolute or waivable-only, the dissent maintained that Appellant did not preserve his complaint for review. Id. at 751.
ANALYSIS
Rights are usually forfeited by a failure to exercise them. Marin v. State , 851 S.W.2d 275, 278 (Tex. Crim. App. 1993). Failure to insist upon a right "by objection, request, motion, or some other behavior calculated to exercise the right in a manner comprehensible" to the trial judge results in the loss of the claim. Id. at 279. The trial judge "has no duty to enforce forfeitable rights unless requested to do so. Accordingly, an important consequence of a party's failure to petition enforcement of his forfeitable rights in the trial court is that no error attends failure to enforce them and none is presented for review on appeal." Id. at 279-80 (citation omitted).
The right to a trial untainted by improper jury argument is forfeitable. Cockrell v. State , 933 S.W.2d 73, 89 (Tex. Crim. App 1996). In order to claim on appeal that an instruction to disregard was inadequate to cure erroneous jury argument, the defendant must object and pursue his objection to an adverse ruling. Id. If he fails to pursue his objection to an adverse ruling, he forfeits his right to complain on appeal about the argument. Id. Even an inflammatory jury argument is *623 forfeited if the defendant does not pursue his objection to an adverse ruling. See Estrada v. State , 313 S.W.3d 274, 303 (Tex. Crim. App. 2010) (even assuming prosecutor's argument was so egregious that instruction to disregard would be ineffectual, defendant "should have moved for a mistrial to preserve this error.").
Appellant cites Cruz v. State , 225 S.W.3d 546 (Tex. Crim. App. 2007), and Young v. State , 137 S.W.3d 65 (Tex. Crim. App. 2004), for the proposition that error preservation does not require "hyper-technical" examination or implementation of the traditional three-steps of error preservation, i.e., objection, instruction to disregard and motion for mistrial. But Cruz is distinguishable, and Young is unavailing.
Cruz held that if an instruction to disregard were insufficient to cure the error, then the denial of a motion for mistrial would be sufficient by itself to preserve error. 225 S.W.3d at 548. Under such circumstances, a defendant need not move for an instruction to disregard before moving for mistrial. Id.Cruz is distinguishable because Appellant did not move for a mistrial.
In Young the defendant requested a mistrial without first objecting or requesting an instruction to disregard. Because he had not requested the lesser remedies, appellate review was limited to whether the trial court erred in failing to grant a mistrial. 137 S.W.3d at 70. We held that the "essential requirement is a timely, specific request that the trial court refuses." Id. at 69. Appellant does not meet this "essential requirement" because the trial court refused him nothing.
Appellant argues in the alternative that we should adopt the reasoning of the concurring opinion in the court below and hold that error preservation was not required here due to the egregious nature of the prosecutor's argument. But we will not elevate the right to be free of improper jury argument to the status of an absolute requirement like jurisdiction. See Marin , 851 S.W.2d at 279 (absolute requirements are "independent of the litigants' wishes" and cannot be waived). Erroneous jury argument must be preserved by objection pursued to an adverse ruling; otherwise, any error from it is waived.
CONCLUSION
Even incurably improper jury argument is forfeitable. Because defense counsel did not pursue his objection to an adverse ruling, the court of appeals should not have entertained his complaint about the prosecutor's argument. Consequently, we reverse the judgment of the court of appeals.