

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00250-CR

ANTHONY ACOSTA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. 2015-405,359, Honorable Bradley S. Underwood, Presiding

February 28, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

Appellant, Anthony Acosta, appeals his conviction for failure to stop and render aid. Through a single issue, he contends that the State violated his right to a fair punishment hearing by 1) injecting new facts into evidence, 2) suggesting that the maximum sentence was the only appropriate sentence, and 3) suggesting that the jury disregard the court's instructions regarding probation. No objections were made below by appellant to the arguments in question. We affirm.

Appellant points out that "[w]hile the improper arguments were not objected to by

defense counsel, for reasons set forth below, [appellant] would request this Court to find that the error was of such a nature as to dispense with the need for objection because the State's improper arguments were so harmful and frequent that they deprived [appellant] of his fundamental right to a fair punishment phase of trial.

However, rights are usually forfeited by a failure to exercise them. *Marin v. State*, 851 S.W.2d 275, 278 (Tex. Crim. App. 1993). Failure to insist upon a right "by objection, request, motion, or some other behavior calculated to exercise the right in a manner comprehensible" to the trial judge results in the loss of the claim. *Id.* at 279. The trial judge "has no duty to enforce forfeitable rights unless requested to do so." *Id.* "Accordingly, an important consequence of a party's failure to petition enforcement of his forfeitable rights in the trial court is that no error attends failure to enforce them and none is presented for review on appeal." *Id.* at 279-80.

Furthermore, '"[t]he right to a trial untainted by improper jury argument is forfeitable," even if the argument is purportedly egregious. *Hernandez v. State*, 538 S.W.3d 619, 622-23 (Tex. Crim. App. 2018) (citing *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App 1996)). "Erroneous jury argument must be preserved by objection pursued to an adverse ruling; otherwise, any error from it is waived." *Id.* at 623. Because we must abide by precedent from our Court of Criminal Appeals and that court requires preservation of complaints regarding improper jury argument, appellant waived the complaints at bar due to the lack of preservation.

Accordingly, we affirm the judgment of the trial court.

Brian Quinn
Chief Justice

Do not publish.