

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00055-CR

———————————————

CALIPH WILLIAMS, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 371st District Court
Tarrant County, Texas
Trial Court No. 1534757D

Before Gabriel, Kerr, and Birdwell, JJ.
Memorandum Opinion by Justice Kerr

# MEMORANDUM OPINION

A jury found Caliph Williams guilty of aggravated sexual assault of a child and assessed his punishment at seven years' imprisonment. The trial court sentenced Williams accordingly, and Williams appealed. In one issue, Williams argues that the trial court reversibly erred by not instructing the jury to disregard the State's failure-to-testify argument. We affirm.

## The complained-of argument, the objection, and the ruling

During the trial's guilt phase, Williams testified and denied committing the offense. He did not testify during the punishment phase.

The State's closing punishment argument elicited two quick objections:

> [Prosecutor]: . . . . Did you hear something today? He didn't take responsibility.
>
> [Defense counsel]: Your Honor, I'm going to object to – I'm going to object to counsel commenting on Mr. Williams['s] [not] testifying. The Court's charge says –
>
> THE COURT: Sustained.
>
> [Prosecutor]: Did you hear any of the witnesses today say that he's sorry? Did you hear anyone say that? She was a child, and he took her to a playground, and he sexually assaulted her. Why isn't he sorry?
>
> [Defense counsel]: I'm going to object to counsel standing over the defense table speaking directly to Mr. Williams.
>
> THE COURT: Sustained.

Williams did not ask for an instruction to disregard or move for a mistrial.

**The appellate complaint vis-à-vis the trial complaint**

On appeal, relying only on the why-isn't-he-sorry question, Williams contends that the prosecutor commented on his failure to testify. Our first concern is whether Williams's argument on appeal comports with his objection at trial; the State argues that it does not. An appellant forfeits an alleged error if his appellate complaint differs from his trial complaint. *See Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009); *Kayne v. State*, No. 02-09-00017-CR, 2010 WL 2889691, at *4 (Tex. App.—Fort Worth July 22, 2010, no pet.) (mem. op., not designated for publication); *see also* Tex. R. App. P. 33.1(a)(1). Here, defense counsel objected to where the prosecutor was standing and to the prosecutor's directing her remarks at Williams—but not to anything that the prosecutor had said.

Directing arguments at the defendant is improper. *See Brown v. State*, 477 S.W.2d 617, 622 (Tex. Crim. App. 1972); *see also* Bennett L. Gershman, *Prosecutorial Misconduct* § 11:39 (2d ed. Oct. 2019 update). And the spot where the prosecutor was standing—rather than being a separate objection—might have been part of the complaint that the prosecutor was directing her arguments at Williams. Put another way, Williams's objection might have had nothing to do with the prosecutor's allegedly commenting on his failure to testify.

And at least one court has held that objecting to where the prosecutor is standing does not preserve a complaint that the prosecutor was commenting on the defendant's failure to testify. *See Hawkins v. State*, No. 05-05-00248-CR,

2005 WL 2864229, at *2 (Tex. App.—Dallas Nov. 2, 2005, no pet.) (mem. op., not designated for publication). Under *Hawkins*, treating Williams's I-don't-like-where-the-prosecutor-is-standing objection as a separate complaint would not help him align his appellate issue with his trial objection.

On the other hand, when a prosecutor stands near a defendant and couples that proximity with certain arguments, the two may add up to commenting on the defendant's failure to testify. *See Archie v. State*, 340 S.W.3d 734, 740 (Tex. Crim. App. 2011) ("[T]he asking of these questions," which only the appellant could answer, "coupled with the prosecutor's act of turning from the jury to face the defense counsel table, pointing, and taking a step or two towards the appellant, directly highlighted the fact that the appellant did not personally take the stand to testify."); *Hicks v. State*, 525 S.W.2d 177, 179 (Tex. Crim App. 1975) ("[T]he prosecutor was standing behind the appellant when he raised his voice, looked down at the appellant and stated, 'But there is somebody that we haven't heard from in this case. And I think you all know who it is.'"); *see also* Michael E. Keasler & Michael J. Ritter, *Criminal Procedure: Confessions, Searches, and Seizures*, 65 SMU L. Rev. 423, 428 (2012).

Thus, depending on the context, the trial court could have understood Williams's objection to be that the prosecutor was commenting on Williams's failure to testify during the trial's punishment phase. *See* Tex. R. App. P. 33.1(a)(1)(A) ("[The complaining party] stated the grounds for the ruling that [it] sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless

the specific grounds were apparent from the context . . . ."); *Pena*, 285 S.W.3d at 464 (stating that when determining whether the appellate complaint comports with the trial complaint, courts "consider the context in which the complaint was made and the parties' shared understanding at that time.").

As noted earlier, Williams voiced two objections in quick succession. Regarding his first objection, he invoked the court's charge, which provided:

> You are instructed that the law provides that the election of the Defendant not to testify shall not be taken as a circumstance against him, and during your deliberations you must not allude to, comment on, or discuss the election of the Defendant not to testify in the punishment phase, nor will you refer to or discuss any matter not before you in evidence.

Contextually, we are persuaded both that (1) Williams was objecting to the prosecutor's commenting on his not testifying during the punishment phase and (2) the trial court understood that to be his objection.

Given that

- Williams's previous objection addressed the prosecutor's commenting on his not testifying,

- the prosecutor's next question went from asking the jurors whether they had heard Williams take responsibility for the offense to whether they had heard him express any remorse for having committed it, and

- Williams was objecting to where the prosecutor was standing and looking when making the comment,

we hold that the trial court would have understood that Williams was objecting to the prosecutor's commenting on his failure to testify. *See* Tex. R. App. P. 33.1(a)(1)(A);

5

*Archie*, 340 S.W.3d at 740; *Hicks*, 525 S.W.2d at 179. Williams's appellate complaint thus comports with his trial complaint. *See Pena*, 285 S.W.3d at 464.

**The relief requested and granted; the relief neither requested nor denied**

But having cleared that preservation hurdle, Williams stumbles on the next one. Williams received all the relief that he asked for—the trial court sustained his objection. He is not complaining about an adverse ruling but is instead complaining after receiving a favorable ruling. An adverse ruling is a prerequisite to preservation. *See* Tex. R. App. P. 33.1(a)(2). Because Williams did not receive an adverse ruling after either requesting an instruction to disregard or moving for a mistrial, Williams has not preserved his complaint that the trial court erred by not giving him one or the other. *See Hernandez v. State*, 538 S.W.3d 619, 622–23 (Tex. Crim. App. 2018); *Estrada v. State*, 313 S.W.3d 274, 303 (Tex. Crim. App. 2010).

We overrule Williams's issue.

**Conclusion**

Having overruled Williams's sole issue, we affirm the trial court's judgment.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

6

Delivered:  February 27, 2020