**AFFIRMED and Opinion Filed April 27, 2020**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-18-01464-CR**

**No. 05-18-01482-CR**

**MACKENZIE RENE CHESNEY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 401st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause Nos. 401-81645-2017 & 401-81646-2017**

## MEMORANDUM OPINION

Before Justices Myers, Partida-Kipness, and Reichek
Opinion by Justice Reichek

Mackenzie Rene Chesney entered open pleas of guilty to intoxication manslaughter and intoxication assault, both with a deadly weapon, in connection with a motor vehicle accident that killed one person and injured another. In the intoxication manslaughter case, the jury assessed punishment at four years in prison. In the intoxication assault case, the jury assessed punishment at five years in prison but recommended that appellant be placed on community supervision; the trial court followed the jury's recommendation and placed appellant on eight years' community supervision. *See* TEX. CODE CRIM. PROC. ANN. arts. 42A.053(d), 42A.055(a). In a

single issue, appellant argues the trial court reversibly erred by allowing an improper jury argument. For the reason set out below, we affirm the trial court's judgments.

Appellant testified that on the night of the accident, she managed a show cattle company and was at the barn preparing for a county show. Appellant said while there, she believed she drank four or five beers over several hours. While driving home on U.S. 75 in McKinney, she remembered she missed a call from her mother. Appellant said she looked down at her cell phone to return the call and crashed into a car parked on the highway's shoulder. Appellant was traveling 68 mph at the time. The crash killed the driver of the car, Areli Joyner, and seriously injured the passenger, Mark Garren. Testing subsequently showed appellant's blood-alcohol content was .189, more than two times the legal limit.

During punishment argument, the prosecutor stated the following:

[PROSECUTOR]: I want to flip here for Verdict Form Punishment. This is what we're really here for today, to determine if this Defendant deserves punishment or deserves probation for both intox manslaughter and - -

[DEFENSE COUNSEL]: Object to the connotation that probation is not punishment, Your Honor.

[TRIAL COURT]: Sustained.

[PROSECUTOR]: We are here to decide if she gets prison time or if she gets probation as part of this punishment stage. . . .

In her sole issue, appellant complains that the prosecutor's argument was improper because it framed the issue as a "choice between either

2

punishing her by sending her to prison, or not punishing her and placing her on probation."

After the trial court sustained appellant's objection, appellant did not request the trial court to instruct the jury to disregard nor did she move for a mistrial. Appellant acknowledged as much on appeal but nevertheless asserts reversal is required because an instruction to disregard would have had no effect. We cannot agree.

The court of criminal appeals has made clear that before a defendant "will be permitted to complain on appeal about an erroneous jury argument or that an instruction to disregard could not have cured an erroneous jury argument, he will have to show he objected and pursued his objection to an adverse ruling." *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996); *Hernandez v. State*, 538 S.W.3d 619, 622 (Tex. Crim. App. 2018) (reaffirming that before defendant can claim on appeal that an instruction to disregard is inadequate to cure erroneous jury argument, defendant must object and pursue objection to adverse ruling); *Estrada v. State*, 313 S.W.3d 274, 303 (Tex. Crim. App. 2010) (concluding that even if prosecutor's argument was so egregious that instruction to disregard could not have possibly cured harm, "appellant should have moved for a mistrial to preserve this error").

Appellant failed to pursue her objection to an adverse ruling; consequently, she has waived this issue. Moreover, we note that the jury recommended community supervision in one of the cases (intoxication assault); thus, it is difficult to reconcile appellant's argument with the punishment verdicts reached by the jury. We overrule the sole issue.

We affirm the trial court's judgments.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
181464F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

MACKENZIE RENE CHESNEY,
Appellant

No. 05-18-01464-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 401st Judicial
District Court, Collin County, Texas
Trial Court Cause No. 401-81645-
2017.
Opinion delivered by Justice
Reichek; Justices Myers and Partida-
Kipness participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered April 27, 2020



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

MACKENZIE RENE CHESNEY,
Appellant

No. 05-18-01482-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 401st Judicial
District Court, Collin County, Texas
Trial Court Cause No. 401-81646-
2017.
Opinion delivered by Justice
Reichek; Justices Myers and Partida-
Kipness participating.


Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.


Judgment entered April 27, 2020