COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| EDDIE MARTINEZ | § | No. 08-19-00127-CR |
|---|---|---|
| Appellant, | § | Appeal from the |
| v. | § | Criminal District Court One |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 20180D00392) |

# **O P I N I O N**

A jury convicted Appellant Eddie Martinez for the third-degree felony offense of evading arrest or detention in a vehicle. TEX.PENAL CODE ANN. § 38.04(b)(2)(A). For punishment enhancement purposes, the State filed a notice alleging that Appellant had three prior felony convictions. Appellant elected to have his punishment assessed by the trial court, which found the enhancement allegations[1] to be true and sentenced Appellant to confinement for a period of twenty-five years. Appellant's motion for new trial was overruled by operation of law. TEX.R.APP.P. 21.8(c). On appeal, Appellant complains that the State's closing argument during the guilt-innocence phase was improper and prejudiced the jury. We will affirm the trial court's judgment.

---

[1] Appellant's prior convictions included two counts of accident involving injury or death, burglary of a habitation, robbery, assault on a public servant. Other offenses were also introduced without objection during the punishment phase of trial.

1

# I. FACTUAL BACKGROUND

On the evening of December 25, 2017, El Paso Police Officer Raul Puentes-Lowry ("Officer Puentes") was wearing his police uniform while on duty in a marked patrol car. A spot broadcast had been issued about a gray Infinity vehicle whose driver was intoxicated and throwing beer cans at other vehicles. While watching an intersection, Officer Puentes observed a vehicle that did not stop for a stop sign. Officer Puentes pursued the vehicle and engaged the lights and siren on his patrol car. After a span between forty seconds and one minute, the vehicle--a 2007 gray Infinity G35--pulled over and tapped the curb. Officer Puentes approached the driver's side of the vehicle, and informed the driver that he had observed the driver fail to stop his vehicle at the stop sign. He also detected an odor of alcohol and observed that Appellant--the lone occupant--had glossy eyes. Moreover, Officer Puentes observed approximately twelve or thirteen open beer cans on the passenger side and floorboard of the vehicle.

Officer Puentes asked Appellant to place his vehicle in "park." He believed that Appellant was intoxicated, and repeatedly asked Appellant to step out of the vehicle for the purpose of conducting a DWI investigation. Rather than comply, Appellant sped away in his vehicle.

Officer Puentes then gave chase, but terminated the high-speed pursuit in accordance with the police department's policy when he observed Appellant disregard a red light while driving in excess of eighty to ninety miles per hour with oncoming cross-traffic, almost resulting in a crash. Based on his experience, Officer Puentes testified that he believed it was possible that a fatal accident could occur if the pursuit continued. He returned to the police station, researched the license plate for the gray Infinity vehicle, and ultimately confirmed--by photograph--Appellant's identity as the driver of the vehicle. Having established probable cause that Appellant had

2

committed the offense of evading lawful detention, Officer Puentes successfully secured a warrant for Appellant's arrest, which was duly executed.

Officer Puentes's patrol car was equipped with a video recording device that showed not only the speed of his vehicle but also captured images of Appellant's failure to stop at the stop sign, the initial stop, Appellant's flight, Officer Puentes's pursuit, and Appellant's running of the red light. The video documents that Officer Puentes's vehicle traveled in excess of ninety miles per hour during Appellant's flight after the initial stop. Without objection, the trial court admitted the video recording as evidence and published it to the jury. The jury found Appellant guilty as charged in the indictment.

## II. DISCUSSION

In his sole issue, Appellant complains that the State's closing argument was improper because it sought to elicit bias or prejudice and did not address the elements of the crime. During its final closing argument, the State's prosecutor emphasized the dangerous and unsafe act of evading detention or arrest in a vehicle and compared the offense to Russian Roulette. Defense counsel did not object to this argument until the prosecutor suggested that each mile of flight was similar to adding a bullet to a gun's chamber in Russian Roulette. Defense counsel then objected that no gun was admitted in evidence and complained that the argument was prejudicial and confusing. The trial court did not rule on the objection but instructed the jury to recall the testimony and other evidence in the case. The judge also reminded the jury that attorney argument is not evidence.

The State continued its Russian Roulette analogy and argued, "But as a matter of fact, if you think about it, evading arrest [or] detention with a vehicle is even more dangerous that Russian Roulette. . . . Because in Russian Roulette you only play with your life. And evading arrest [or]

3

detention with a vehicle[,] you play with the lives [of] everyone in this community." Appellant did not object to this argument.

The State also asked the jury to recall from voir dire a discussion of why a law exists for evading detention and arrest in a vehicle. Some in the venire had apparently responded that the law existed to promote to safety. The State prosecutor's argument then pressed the risk of accident point:

| The State: | This man, Mr. Martinez, put the safety of everyone in our community at stake when he was evading. I asked Officer Puentes on the bottom of that screen how fast was he traveling. 91 miles per hour at one point. If Officer Puentes was not able to get--reach the defendant at 91 miles per hour, how fast must the defendant have been traveling? Luckily[,] no one was injured in this incident. |
|---|---|
| Defense Counsel: | You know, Your Honor, I would object at this time. Counsel's argument is hoping to elicit bias or prejudice against the defendant, Judge. His argument is not speaking to any elements of the crime. |

The trial court overruled that objection, but again reminded the jury that "argument from the attorneys is not evidence or any proof of guilt or not guilt in this case."

Later, the State's prosecutor addressed the elements and evidence of the charged offense--specifically Appellant's intent to flee as shown by the video recording--and stated, "Look at the crowded intersection here. What if there was someone waiting to cross the intersection?" Appellant again objected to improper argument and asserted that the State's argument was eliciting bias or prejudice and failed to address an element of the offense. Appellant did not secure an express ruling on that objection. The trial court repeated its earlier instructions to the jury that the attorney's argument is not evidence and directed the State's prosecutor to "move on." The State again addressed the elements of the offense and, without objection, asked the jury to not excuse

4

Appellant's disregard of the law that had been enacted to protect the community. On appeal, Appellant contends the State's argument exceeded the legal bounds for proper closing argument and denied him a fair trial.

## III. ANALYSIS

We first address the State's preservation argument. The State asserts that Appellant has failed to preserve this complaint for our review because he failed to object or secure an adverse ruling to the State's substantially similar arguments. The State specifically contends by Appellant's failure to secure a ruling on his objections to the prosecutor's initial Russian Roulette analogy and to the State's rhetorical question to the jury regarding the potential outcome if a person had been in the intersection when Appellant ran the red light, Appellant failed to preserve error for the one instance of that argument for which he did object.

Rights are usually forfeited by the failure to invoke them. *See Hernandez v. State*, 538 S.W.3d 619, 622 (Tex.Crim.App. 2018). "The right to a trial untainted by improper jury argument is forfeitable." *Id., citing Cockrell v. State*, 933 S.W.2d 73, 89 (Tex.Crim.App. 1996) (en banc). In order to complain on appeal about an improper jury argument, the defendant must make a timely objection and obtain an adverse ruling from the trial court. *See Cockrell*, 933 S.W.2d at 89 (holding that a "defendant's failure to object to a jury argument . . . forfeits his right to complain about the argument on appeal"). Even an inflammatory jury argument is forfeited if a defendant does not pursue an objection to an adverse ruling. *See Hernandez*, 538 S.W.3d at 622-23; *see also Estrada v. State*, 313 S.W.3d 274, 303 (Tex.Crim.App. 2010) (indicating that the defendant must move for mistrial to preserve error if the State's argument was so egregious that no instruction to disregard could cure the error).

5

And as the State argues here, a defendant waives error by failing to object to the State's argument that is substantially the same as that to which the defendant complains of. *Trejo v. State*, 594 S.W.3d 790, 804 (Tex.App.--Houston [14th Dist.] 2019, no pet.) *citing Taylor v. State*, 109 S.W.3d 443, 449 n.25 (Tex.Crim.App. 2003) (no reversible error exists where the same evidence or argument is presented elsewhere during trial without objection), and *Temple v. State*, 342 S.W.3d 572, 610 (Tex.App.--Houston [14th Dist.] 2010), *aff'd*, 390 S.W.3d 341 (Tex.Crim.App. 2013). A party's failure to pursue an objection to an adverse ruling forfeits the right to complain about the argument--including inflammatory argument--on appeal. *Hernandez*, 538 S.W.3d at 622-623 *citing Cockrell*, 933 S.W.2d at 89. We agree that Appellant has failed to preserve this issue for our review by failing to object and to secure an adverse ruling to each of the State's substantially similar arguments regarding the potential dangers of Appellant's evasion of arrest or detention in a vehicle.

Moreover, even were we wrong on the preservation issue, the State prosecutor's arguments consisted of proper and reasonable deductions from the evidence before the jury. Proper jury argument is limited to four areas: (1) summation of the evidence, (2) reasonable deductions from the evidence, (3) answer to an argument of opposing counsel, and (4) pleas for law enforcement. *See Milton v. State*, 572 S.W.3d 234, 239 (Tex.Crim.App. 2019). Error may occur when argument falls outside these areas; however, an instruction to disregard the argument generally cures the error. *See Dinkins v. State*, 894 S.W.2d 330, 357 (Tex.Crim.App. 1995) (en banc). At trial, the jury heard testimony and saw video evidence that highlighted the risk of a high-speed chase. That evidence was not objected to at trial, and was thus fair game for closing argument, particularly because it relates to a plea for law enforcement. As such, the argument of a public safety risk was not per se improper. We overrule Appellant's sole issue on appeal.

6

## IV. CONCLUSION

The judgment of the trial court is affirmed.

JEFF ALLEY, Chief Justice

December 16, 2020

Before Alley, C.J., Rodriguez, and Palafox, JJ.

(Do Not Publish)