

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-22-00164-CR

_____

SCOTT ALEXANDER MELTON, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 396th District Court
Tarrant County, Texas
Trial Court No. 1554184D

---

Before Sudderth, C.J.; Birdwell and Womack, JJ.
Memorandum Opinion by Justice Birdwell

# MEMORANDUM OPINION

Appellant Scott A. Melton appeals his convictions for four counts of aggravated sexual assault of a child and one count of indecency with a child. *See* Tex. Penal Code Ann. §§ 21.11(a)(1), 22.021(a)(2)(B). Melton contends (1) that the trial court erred by permitting the State to present an improper jury argument in which it urged the jurors to consider statements made by venire members during voir dire and (2) that the jury argument was manifestly improper, harmful, and prejudicial. Because we conclude that Melton forfeited his complaints for our review, we affirm.

## I. Background

Melton's three-year-old niece, S.M.,[1] made an outcry against Melton in July 2018, and he was ultimately indicted on four counts of aggravated sexual assault and one count of indecency with a child. Melton's case went to a jury trial in August 2022.

During voir dire, the State questioned several venire members about their own previous experiences with child sexual abuse and commented on how that abuse affected the venire members. For example, the prosecutor had the following exchange with one venireperson, who stated that they had been sexually assaulted as a small child:

> [STATE]: And I can tell from your demeanor that --
>
> VENIREPERSON: -- I can't be impartial.

---

[1]To protect her identity, we refer to S.M. by her initials. *See* Tex. R. App. P. 9.8 cmt.; *McClendon v. State*, 643 S.W.2d 936, 936 n.1 (Tex. Crim. App. [Panel Op.] 1982).

[STATE]: Right. And you have shared that with us. We do know. Knowing that everything that happened to you, right, is that something -- well, let me ask it this way.

Even knowing that nobody was prosecuted for that sexual abuse, is that something that still affects you here today?

VENIREPERSON: Yes.

[STATE]: And I can tell it from your voice; all right?

VENIREPERSON: Yeah, I have to pay for therapy. I can't afford that [expletive].

[STATE]: Can I ask you how many years ago it happened?

VENIREPERSON: It was several years of trauma, so I can't give you an exact number.

Speaking to another venireperson who had worked with an anti-human trafficking organization, the prosecutor asked, "Knowing that you've heard their stories and probably seen the emotions on their faces as they talked about how this has affected them, even into adulthood, can you, for the purposes of this trial, not think about that to the extent that you make me prove my case . . . ?" The prosecutor also commented on how past child sexual abuse had affected one venireperson's marriage and how another venireperson's brother still experienced the trauma of child sexual abuse as an adult.

At the close of the evidence in the guilt–innocence phase of trial, both sides gave jury arguments. During the State's closing argument, the prosecutor argued,

3

I'm so glad that we're finally here and we can finally bring some closure to [S.M.'s] life. Because every single one of you was here on Monday afternoon [during voir dire], and you got to hear the stories of so many survivors of child[] sexual abuse.

[DEFENSE COUNSEL]: I'm going to object to that being outside of the scope of evidence.

THE COURT: Overruled.

[STATE]: You got to hear those surviv[o]rs. When they talked about how they were the same age as [S.M.], and you got to see their visible emotions in court and how this --

[DEFENSE COUNSEL]: I object. This is improper argument to talk about what happened in voir dire. That is not evidence.

[STATE]: It's a plea for law enforcement, Judge.

THE COURT: Overruled.

[STATE]: You got to see their emotions how, as an adult, they are still processing the trauma they experienced at [S.M.'s] age. And I don't know how [S.M.] will process it in 20 years, but science tells us it's going to be hard, and she is going to think that. She might not understand now . . . . But she will in the future, and she's going to think back on this day.

While Melton's counsel objected to the first two instances that the State's argument referenced statements made by venire members during voir dire—both of which the trial court overruled—he did not object to the last instance, nor did he obtain a running objection.

The jury found Melton guilty and assessed his punishment at 60 years' confinement on each of the four counts of aggravated sexual assault and 20 years'

4

confinement on the indecency with a child count. The trial court entered its judgment on the verdict and ordered the sentences to run concurrently. This appeal followed.

## II. Discussion

Melton contends that the State improperly argued that the jury should recall the statements of their fellow venire members in voir dire; that the argument was manifestly improper, harmful, and prejudicial; and that the trial court erred by permitting the State to present its improper argument. In response, the State asserts that Melton forfeited appellate review of his complaints because he objected to only two of the three instances of the State's referencing the venire members' statements. Alternatively, the State concedes that the argument was improper but asserts that, in any event, the argument was harmless, as the "gist" of the State's remarks was both a matter of common knowledge and a reasonable inference that the jurors could draw from S.M.'s testimony.

### A. Permissible Jury Arguments

To be permissible, the State's jury argument generally must fall within one of the following four areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to opposing counsel's argument; or (4) plea for law enforcement. *Freeman v. State*, 340 S.W.3d 717, 727 (Tex. Crim. App. 2011). As relevant here, statements made during voir dire are not evidence. *Hyundai Motor Co. v. Vasquez*, 189 S.W.3d 743, 753 (Tex. 2006); *Montez v. State*, No. 02-16-00175-CR, 2017

WL 2807395, at *6 (Tex. App.—Fort Worth June 29, 2017, no pet.) (mem. op., not designated for publication).

**B. Standard of Review**

Improper jury argument is reviewed under a nonconstitutional harm analysis. *See* Tex. R. App. P. 44.2(b). Even if a jury argument exceeds the permissible bounds, we will not reverse a trial court's erroneously overruling a defense objection unless the error affected the defendant's substantial rights. *Id.*; *Martinez v. State*, 17 S.W.3d 677, 692–93 (Tex. Crim. App. 2000). A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997) (citing *Kotteakos v. United States*, 328 U.S. 750, 776, 66 S. Ct. 1239, 1253 (1946)). In determining whether substantial rights were affected, we consider (1) the severity of the misconduct (that is, the prejudicial effect of the prosecutor's remarks), (2) curative measures, and (3) the certainty of conviction absent the misconduct. *Freeman*, 340 S.W.3d at 728.

**C. Preservation of Error**

We must first address whether Melton has preserved his complaint. To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion sufficiently stating the specific grounds, if not apparent from the context, for the desired ruling. Tex. R. App. P. 33.1(a)(1); *Montelongo v. State*, 623 S.W.3d 819, 822 (Tex. Crim. App. 2021). Further, the party must obtain an express or implicit adverse trial-court ruling or object to the trial

court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Dixon v. State*, 595 S.W.3d 216, 223 (Tex. Crim. App. 2020). These preservation requirements apply to complaints of improper jury argument. *See Hernandez v. State*, 538 S.W.3d 619, 622 (Tex. Crim. App. 2018) ("The right to a trial untainted by improper jury argument is forfeitable."); *Threadgill v. State*, 146 S.W.3d 654, 667 (Tex. Crim. App. 2004) (holding that because appellant did not object to complained-of jury argument, he "failed to preserve error"). Indeed, erroneous jury argument, even if "incurably improper," is forfeited unless the complaining party objects at the time of the argument and pursues the objection to an adverse ruling. *Hernandez*, 538 S.W.3d at 623.

While Melton objected to the first two instances of the State's argument improperly referencing the child-sexual-abuse statements made by venire members during voir dire, he did not object to the third instance of the improper argument, nor did he obtain a running objection. "[L]ike all complaints that are subject to preservation, a defendant must object each time an improper argument is made, or he forfeits his complaint, regardless of how egregious the argument." *Morris v. State*, No. 02-16-00171-CR, 2017 WL 2590569, at *5 (Tex. App.—Fort Worth June 15, 2017, pet. ref'd) (mem. op., not designated for publication) (citing *Valdez v. State*, 2 S.W.3d 518, 521–22 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd)); *see also Hopper v. State*, 483 S.W.3d 235, 236–37 (Tex. App.—Fort Worth 2016, pet. ref'd) ("[Appellant] did not object to the second argument and, therefore, forfeited any errors arising from this argument by the prosecutor."); *Polk v. State*, No. 02-13-00556-CR, 2015 WL

7

1883014, at *11 (Tex. App.—Fort Worth Apr. 23, 2015, pet. ref'd) (mem. op., not designated for publication) ("To the extent that appellant complains on appeal about the State's repeated argument . . . , we [] conclude that appellant forfeited the complaint by failing to object to each occasion . . . that the State made that argument.").

Because Melton did not object when the State made the same "incurably improper" argument for the third time or obtain a running objection, he has failed to preserve his complaint for our review. *See Hernandez*, 538 S.W.3d at 621 (holding that the right not to be subjected to improper jury argument is forfeitable and that even inflammatory language outside the record "does not dispense with error preservation requirements"); *Williams v. State*, No. 02-17-00165-CR, 2018 WL 359916, at *2 (Tex. App.—Fort Worth Jan. 11, 2018, pet. ref'd) (mem. op., not designated for publication) ("[T]he preservation requirements apply even when the State's argument is egregious."). We overrule Melton's complaints on appeal.[2]

---

[2]We note that we disagree with the State's contention that, because it is both a matter of public knowledge and a reasonable inference from the trial testimony that the effects of child sexual abuse follow a victim into adulthood, the complained-of argument was harmless. The misconduct—urging the jury to consider the emotional pain of their fellow venire members as a result of their personal experiences with child sexual abuse—was essentially a call for justice on behalf of the venire members. We therefore cannot say that the State's argument did not affect Melton's substantial rights and would otherwise find the argument incurably egregious. *See Freeman*, 340 S.W.3d at 728; *cf. Montez*, 2017 WL 2807395, at *6–7 (holding jury argument referencing comments by venireperson during voir dire did not affect defendant's substantial rights when the complained-of comments consisted of evidence otherwise introduced at trial, or duplicative).

## III. Conclusion

We hold that Melton forfeited his complaints for our review. Accordingly, we affirm the trial court's judgment.

/s/ Wade Birdwell

Wade Birdwell
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  August 3, 2023