

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-23-00282-CR

_____

PANFILO MATEO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 186th District Court
Bexar County, Texas
Trial Court No. 2021CR4099, Honorable Kristina Escalona, Presiding

February 21, 2024

## MEMORANDUM OPINION[1]

### Before QUINN, C.J., and PARKER and DOSS, JJ.

Panfilo Mateo appeals from his conviction for sexually assaulting a child. Through five issues, he argues that three instances of allegedly improper jury argument and one instance of the improper admission of evidence by a SANE nurse require reversal of his conviction. Furthermore, he claims their alleged cumulative effect warrants reversal. We affirm.

---

[1] Because this matter was transferred from the Fourth Court of Appeals, we apply its precedent when it conflicts with that of the Seventh Court of Appeals. TEX. R. APP. P. 41.3.

***Background***

Appellant is the stepfather of complainant KR. Among other things, she testified that late one night, appellant awakened, climbed atop, and "proceeded to rape" her. The State proffered additional testimony from other witnesses, such as a SANE nurse. Thereafter, the jury found appellant guilty of Count I, though it also acquitted him of other accusations of sexual assault and contact.

***Issues One through Four***

As previously mentioned, appellant's first four issues concern allegations of prosecutorial misconduct and the improper admission of evidence. As he acknowledges, none of the instances were met with an objection at trial. To avoid the prospect of waiver, though, he argues that preservation is unnecessary because the effect of the errors renders the conviction "fundamentally unfair." We overrule the issues.

Regarding the propriety of the State's jury argument, complaints about same are forfeitable. *Hernandez v. State*, 538 S.W.3d 619, 622 (Tex. Crim. App. 2018); *Cantu v. State*, 678 S.W.3d 331, 356 (Tex. App.—San Antonio 2023, no pet.) (quoting *Hernandez*, 538 S.W.3d at 622). One must object and pursue the objection to an adverse ruling. *Cantu*, 678 S.W.3d at 356. This is so despite the inflammatory nature of the argument. *Id.* As said by our Court of Criminal Appeals in *Hernandez*, "we will not elevate the right to be free of improper jury argument to the status of an absolute requirement like jurisdiction . . . [e]rroneous jury argument must be preserved by objection pursued to an adverse ruling; otherwise, any error from it is waived." *Hernandez*, 538 S.W.3d at 623.

And, the San Antonio Court of Appeals acknowledged that recent dictate through *Cantu*.[2] So, having failed to object to the State's argument, appellant waived the complaints.

The same is true of his argument about the admission of the SANE nurse's testimony. He did not object. Such was required. *Monsivais v. State*, No. 04-19-00829-CR, 2021 Tex. App. LEXIS 5183, at *19-20 (Tex. App.—San Antonio June 30, 2021, no pet.) (mem. op., not designated for publication). Thus, appellant again waived his complaint.

### Issue Five

The fifth issue before us concerns cumulative error. Appellant argues that harm cumulating from the error discussed in the first four issues requires reversal. Per the doctrine of cumulative error, "the combined effect of multiple errors can, in the aggregate, constitute reversible error, even though each individual error, analyzed separately, was harmless." *Saavedra v. State*, No. 04-16-00747-CR, 2017 Tex. App. LEXIS 10950, at *15-16 (Tex. App.—San Antonio Nov. 22, 2017, no pet.) (mem. op., not designated for publication). Yet, without error, the doctrine does not apply. *See id.* (overruling the claim of cumulative error because there was no error to cumulate). Appellant at bar having failed to preserve his claims of error, none exists to cumulate. So, we overrule the issue.

---

[2] Given the explicit directive mandating preservation by our Court of Criminal Appeals in 2018, i.e., *Hernandez*, and the acknowledgment of same by the San Antonio Court of Appeals in *Cantu*, we deem appellant's continued reliance on *Bautista v. State*, 363 S.W.3d 259 (Tex. App.—San Antonio 2012, no pet.) misplaced. *Bautista's* pre-2018 suggestion that one need not always preserve objections to improper jury argument when they deprive an accused of fundamental fairness implicitly contradicts the subsequent ruling in *Hernandez*. More importantly, appellant has not cited us to authority from the Fourth Court of Appeals reiterating the effectiveness of the *Bautista* language in question after issuance of *Hernandez*. Nor did our own search uncover any. So, the advent of *Hernandez* and *Cantu* free us from following *Bautista*.

We affirm the judgment of the trial court.

Brian Quinn
Chief Justice

Do not publish.