

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-23-00218-CR
_____

SASHA SKARE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 186th District Court
Bexar County, Texas
Trial Court No. 2021CR3863

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

# MEMORANDUM OPINION

A Bexar County jury convicted Sasha Skare of murder and assessed a sentence of fifty-five years' imprisonment. *See* TEX. PENAL CODE ANN. § 19.02 (Supp.). In her sole point of error on appeal, Skare argues that the State's final argument during the punishment phase of the trial was fundamentally unfair because it invited the jury to assess punishment based "on the present and future sufferings of the [victim's] family."[1] Because Skare did not preserve her sole point of error, we affirm the trial court's judgment.

## I. Background

"As a general proposition, victim-impact evidence may be admissible at the punishment stage of a criminal trial when that evidence has some bearing on the defendant's personal responsibility and moral culpability." *Salazar v. State*, 90 S.W.3d 330, 335 (Tex. Crim. App. 2002).

"As the Supreme Court stated in *Payne v. Tennessee*, such evidence is . . . a way to inform 'the sentencing authority about the specific harm caused by the crime in question.'" *Id.* (quoting *Payne v. Tennessee*, 501 U.S. 808, 825 (1991)). Victim-impact evidence "is designed to remind the jury that murder has foreseeable consequences to the community and the victim's survivors—family members and friends who also suffer harm from murderous conduct." *Id.*

The victim's family testified during the punishment phase of the trial. The State's closing argument included the following, which Skare complains of:

---

[1]Originally appealed to the Fourth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Supp.). We follow the precedent of the Fourth Court of Appeals in deciding this case. *See* TEX. R. APP. P. 41.3.

So now we have [the victim] himself. And one of the extraordinary things about [the victim] and [his] family is this, that he was incredibly loved. And if you reach a certain age, you learn that the people that are incredibly loved, they deserve the love. They deserve to be loved because out of their goodness and kindness.

So as you're deciding what happened, be mindful that his death resulted in the loss for this entire family. But being mindful of what happens in the 2030's, sometime in 2030's when his mother sees how his siblings miss him. As a mother, how is she going to comfort his siblings? In the 2030's how is she going to do that?

Do any of you know how you would comfort your other children after you've lost your child? How would you do that? In the 2030's or 2040's, these emotions will come up, and it will be left to [the victim's mother] to comfort her children. Can you imagine that sort of burden in the 2030's or 2040's or 2050's? His memory will constantly come up and she will have to deal with all that.

Skare did not object to this argument at trial.

## II. Skare's Sole Point of Error is Unpreserved

The State argues that Skare's sole point of error is unpreserved because she failed to lodge an objection during the State's closing argument. We agree.

Although Skare attempts to skirt the preservation requirement by claiming fundamental error, the Texas Court of Criminal Appeals has determined that "[t]he right to a trial untainted by improper jury argument is forfeitable." *Cantu v. State*, 678 S.W.3d 331, 356 (Tex. App.—San Antonio 2023, no pet.) (quoting *Hernandez v. State*, 538 S.W.3d 619, 622 (Tex. Crim. App. 2018)). "Even an inflammatory jury argument is forfeited if the defendant does not pursue [her] objection to an adverse ruling." *Id.* (quoting *Hernandez*, 538 S.W.3d at 622–23); *see Ayers v. State*, 483 S.W.3d 230, 233 (Tex. App.—Texarkana 2016, pet. ref'd) (finding that "[t]he

fundamental error doctrine does not save [an appellant] from the preservation of error requirement").

By failing to timely and properly object, Skare has failed to preserve her complaint about the State's closing argument on punishment. *See Cantu*, 678 S.W.3d 357; TEX. R. APP. P. 33.1(a). As a result, we overrule her sole point of error.

## III. Disposition

We affirm the trial court's judgment.


Jeff Rambin
Justice

Date Submitted: March 21, 2024
Date Decided: April 1, 2024

Do Not Publish