**AFFIRMED as MODIFIED and Opinion Filed May 21, 2024**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-22-00683-CR**

**AVERY DESMOND GRANT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1921410-V**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Smith
Opinion by Justice Molberg

A jury found appellant, Avery Grant, guilty of aggravated robbery and sentenced him to twenty-five years' confinement. On appeal, he argues the trial court erred in admitting a photograph of him in a jail setting and the State's closing argument improperly referred to prospective jurors' statements made during voir dire. We affirm in this memorandum opinion.

Because we conclude none of appellant's issues are preserved for our review, we limit our discussion of the case to the facts necessary to resolve the appeal. Appellant first complains of State's Exhibit 61, a photograph of appellant taken

when he was arrested. Officer Barrett Nelson testified he took two photographs of appellant the morning he arrested him. The State moved to admit the photographs, and defense counsel stated, "Your Honor, I'm going to object. May I approach, Your Honor?" A sidebar, off-the-record discussion took place, and afterwards, the trial court overruled appellant's objection and admitted the photographs as State's Exhibits 61 and 62. Later in the day, during a break, defense counsel again objected to State's Exhibit 61, which had already been admitted. Counsel stated, "For the record, the defense objects to State's Exhibit 61 being admitted. We believe it is highly prejudicial, and any probative value it has is exceeded by the prejudicial effect, so we're asking that this not be admitted before the Jury." The trial court overruled the objection.

Now, on appeal, appellant argues the admission of State's Exhibit 61 violated his fundamental right to the presumption of innocence. As a prerequisite to presenting a complaint for appellate review, the record must show, among other things, the complaint was made to the trial court by a timely request, objection, or motion that stated the grounds for the ruling the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context. TEX. R. APP. P. 33.1(a)(1)(A). The objection must be specific so the trial court is made aware of the complaint and has the opportunity to correct any error, or the opposing party has an opportunity to remove the basis for objection. *Crouse v. State*, 441 S.W.3d 508, 516

(Tex. App.—Dallas 2014, no pet.) (citing *Martinez v. State*, 22 S.W.3d 504, 507 (Tex. Crim. App. 2000)). Even constitutional error can be forfeited if an objection is not made at trial. *Id.* (citing *Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009)). The issue on appeal must also comport with the objection made at trial; otherwise, the issue has not been preserved for our review. *Id.*

We conclude this issue is not preserved for our review. Appellant's objection before the bench conference failed to state any specific grounds for excluding the photograph. A generic "objection" without more preserves nothing for review. *See* TEX. R. APP. P. 33.1(a)(1)(A); *see also Buchanan v. State*, 207 S.W.3d 772, 775 (Tex. Crim. App. 2006) ("When the objection is not specific, and the legal basis is not obvious, it does not serve the purpose of the contemporaneous-objection rule for an appellate court to reach the merits of a forfeitable issue that is essentially raised for the first time on appeal."). Moreover, to the extent any objections were made during the off-the-record bench conference, they preserved nothing for our review. *See Knowles v. State*, No. 05-20-00410-CR, 2022 WL 3714516, at *5 (Tex. App.—Dallas Aug. 29, 2022, no pet.) (mem. op.) ("When objections and rulings are made during a sidebar conference that is conducted off the record, nothing is preserved for review."). Finally, appellant's objection to State's Exhibit 61 later articulated on the record—after the exhibit was previously admitted—related only to rule 403; consequently, even assuming that objection's timeliness, the issue appellant now raises relating to the fundamental right to the presumption of innocence is not

–3–

preserved for our review because it does not comport with the trial objection. *See Crouse*, 441 S.W.3d at 516. We overrule appellant's first issue.

In his second and third issues, appellant contends the prosecutor's closing argument harmed appellant when it referred to two potential jurors' voir dire statements. During voir dire, a potential juror discussed his friend who had a gun pulled on him while working as a security guard. The prosecutor asked whether the friend was focused on identifying the perpetrator or on "his life possibly ending," and the juror responded, "He was focusing on his life possibly ending." Shortly afterwards, a second prospective juror shared that her sister was raped and assaulted, and she described the impact it was still having on the victim twenty-seven years after the crime. During the State's closing argument, the prosecutor recalled the two discussions, stating:

> Whenever we were talking about, during jury selection, [the first prospective juror] over there, he was sitting right over there, he talked about how he had a friend that was a security guard that had a gun pointed in his -- put in his face.
>
> And he told you he talked to his friend. The friend didn't make any mention whatsoever of trying to identify the defendant. He said his friend told him he was just thinking about his life flashing before his eyes. That is it.
>
> He thought he was going to die. A rush of nerves and shock came over him. You're not thinking about what that person that is threatening you with, what he looks like.
>
> And the same with [the second prospective juror] right there, talking about how her sister was a victim of a rape and assault and how they still haven't caught the bad guy.

–4–

And I'm talking about all that to try to lead into what we talked about with circumstantial versus direct evidence, direct evidence being eye witness testimony and why we don't rely on that today.

Appellant did not object to the prosecutor's remarks about either prospective juror, and he concedes this on appeal.

Appellant argues, relying on *Marin v. State*, 851 S.W.2d 275 (Tex. Crim. App. 1993), that no objection was required to raise these two complaints on appeal. In that case, the court of criminal appeals explained that a litigant's rights generally fall within three categories: (1) systemic requirements and prohibitions, (2) waivable-only rights, (3) and forfeitable rights. *Id.* Rule 33.1's preservation requirements do not apply to complaints about systemic requirements and prohibitions or waivable-only rights. *Rios v. State*, 665 S.W.3d 467, 477 (Tex. Crim. App. 2022). But the right to a trial untainted by improper jury argument does not fall into these two categories; it is forfeitable. *See Hernandez v. State*, 538 S.W.3d 619, 622 (Tex. Crim. App. 2018). Therefore, we conclude these two complaints about improper jury argument are not preserved for our review. We overrule appellant's second and third issues.

The State raises a cross-issue, seeking to modify the judgment to reflect that appellant pleaded "not true" to the two enhancement paragraphs alleged in the indictment. This Court may modify the trial court's judgment to make the record speak the truth when it has the necessary data and information to do so. *See* TEX. R.

APP. P. 43.2(b); *Fuller v. State*, No. 05-18-00635-CR, 2019 WL 2296232, at *1 (Tex. App.—Dallas May 30, 2019, no pet.) (mem. op.). The record reflects appellant pleaded "not true" to the two enhancement paragraphs alleged in the indictment. Despite this, the judgment reflects that he "pleaded true" to both. Accordingly, we conclude the requested modifications are supported by the record. We modify the judgment to reflect that appellant "pleaded not true" to the first and second enhancement paragraphs.

Having overruled appellant's three issues and sustained the State's cross-issue, we affirm the judgment below as modified.

/Ken Molberg/
KEN MOLBERG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
220683F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

AVERY DESMOND GRANT,
Appellant

No. 05-22-00683-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F-1921410-V.
Opinion delivered by Justice
Molberg. Justices Reichek and Smith
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

in the field for "1st Enhancement Paragraph," we **DELETE** "pleaded true" and **INSERT** in its place, "pleaded not true"; and

in the field for "2nd Enhancement Paragraph," we **DELETE** "pleaded true" and **INSERT** in its place, "pleaded not true."

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered May 21, 2024

–7–