**AFFIRM; and Opinion Filed October 7, 2024**



In The
Court of Appeals
Fifth District of Texas at Dallas

No. 05-23-00634-CR

**JOVIAN ALEXI CARABALLO RODRIGUEZ, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 199th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 199-82820-2021**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Smith, and Garcia
Opinion by Justice Smith

Appellant Jovian Alexi Caraballo Rodriguez pleaded not guilty to a charge of continuous sexual abuse of a child; a jury convicted him of the lesser-included offense of indecency with a child and assessed punishment at twenty years' confinement. The trial court sentenced appellant accordingly, and he now appeals. In a single issue, he contends that the State violated his due process rights by urging a conviction for uncharged acts during jury argument. Because appellant failed to preserve his complaint for our review, we affirm.

## Background

The facts resulting in appellant's conviction are well known to the parties and unnecessary to our analysis of the sole issue before us. Accordingly, we recite only those facts needed to determine this appeal. *See* TEX. R. APP. P. 47.1.

Appellant was arrested following an outcry of sexual abuse by his niece A.A. and was indicted for continuous sexual abuse of A.A. *See* TEX. PEN. CODE ANN. § 21.02. The State notified appellant that it intended to introduce evidence of his prior sexual abuse of both A.A. and her younger sister S.A. at trial. Appellant objected, and the trial court overruled the objection after a pretrial hearing.

During its opening statement, the State described the evidence it would present and stated, among other things, that "we're here this week because that man sexually abused his nieces for months" and "I'm asking you to find him guilty for what he did to [A.A.] and [S.A.]." The State presented evidence, including the testimony of A.A. and S.A., that appellant sexually abused them. Appellant also testified, denying the abuse. The State's closing argument included the following comments:

> What he told you makes no sense. What [A.A.] and [S.A.] lived does make sense. Their details made sense. They've waited for years. They've waited for this trial. They have been living with this case over their heads, and now it's in y'all's hands, okay?
>
> That's why you're here this week. You're here to give justice for those girls. You're here to do the right thing, and to do the only

thing that makes sense in this case, and that's to find him guilty of continuous sexual abuse of a child because of what he did.

The charge instructed the jury that it could convict appellant only if it found beyond a reasonable doubt that, on or about the 2nd day of June, 2017, through the 14th day of March, 2021, he committed two or more acts of sexual abuse against A.A. or that he had committed the lesser offense of indecency with A.A. by contact. The jury convicted appellant of the lesser-included offense and sentenced him to twenty years' confinement. This appeal followed.

**Improper Jury Argument**

In his sole issue, appellant complains of the State's reference to uncharged conduct against S.A. during opening and closing arguments. Specifically, he cites the Court to the following comments by the State: (1) appellant "sexually abused his nieces for months," (2) "I'm asking you to find him guilty for what he did to [A.A.] and [S.A.]," (3) A.A. and S.A. had waited for trial "with this case over their heads," and (4) "[y]ou're here to give justice for those girls."[1]

To be permissible, jury argument must fall within one of the following four general areas: (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) response to argument of opposing counsel; and (4) pleas for law

---

[1] Appellant asserts that the State's "closing argument was replete with references to what [appellant] purportedly did to both of his nieces," but he cites only to the statements described above.

enforcement. *Milton v. State*, 572 S.W.2d 234, 239 (Tex. Crim. App. 2019) (citing *Freeman v. State*, 340 S.W.3d 717, 727 (Tex. Crim. App. 2011)). We reverse a trial court's erroneous overruling of a defense objection to improper jury argument if the error affected the defendant's substantial rights. *See* TEX. R. APP. P. 44.2(b); *Martinez v. State*, 17 S.W.3d 677, 692–93 (Tex. Crim. App. 2000). However, a defendant who fails to object to improper prosecutorial jury argument and pursue the objection to an adverse ruling forfeits his right to complain about the argument on appeal. *Hernandez v. State*, 538 S.W.3d 619, 622 (Tex. Crim. App. 2018); *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996) ("a defendant's 'right' not to be subjected to incurable erroneous jury arguments is one of those rights that is forfeited by a failure to insist upon it")).

Appellant acknowledges that he did not object to the complained-of statements. Citing this Court's recent decision in *Tuazon v. State*, 661 S.W.3d 178 (Tex. App.—Dallas 2023, no pet.), he nevertheless asserts that the State's remarks constituted a "fundamental unwaivable" violation of his due process rights.

In *Tuazon*, the trial court used a football field analogy to describe the State's burden of proof during voir dire. *Id.* at 186–87. We concluded, and the parties agreed, that the court's comments violated the appellant's right not to have the court define reasonable doubt in a manner that shifted the State's burden of proof. *Id.* at 188. We further concluded that the right was a waivable-only, *Marin*-category-two

4

due process right. *Id.* at 189, 192; *see Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993) (discussing three types of litigant "rights" in our justice system: (1) absolute requirements and prohibitions that are not waivable (e.g., that case be tried by court with jurisdiction); (2) rights that must be implemented unless expressly waived (e.g., right to jury trial); and (3) rights that are implemented on request only (e.g., objections to testimony or evidence).

Appellant, however, complains of the State's comments during jury argument, and the Texas Court of Criminal Appeals has made clear that such a complaint is a *Marin*-category-three error that must be preserved by an objection at trial. See *Hernandez*, 538 S.W.3d at 622; *Cockrell*, 933 S.W.2d at 89. Because appellant did not contemporaneously object to the State's comments, he failed to preserve his complaint for our review. *Hernandez*, 538 S.W.3d at 622; *Cockrell*, 933 S.W.2d at 89. Accordingly, we overrule appellant's sole issue.

## Conclusion

Having overruled appellant's sole issue, we affirm the trial court's judgment.


/Craig Smith/
_____
CRAIG SMITH
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
230634F.U05

5



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JOVIAN ALEXI CARABALLO
RODRIGUEZ, Appellant

No. 05-23-00634-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 199th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 199-82820-
2021.
Opinion delivered by Justice Smith.
Justices Pedersen, III, and Garcia
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 7th day of October, 2024.