

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-24-00036-CR

TEVIN RAYMOND WILSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 202nd District Court
Bowie County, Texas
Trial Court No. 20F1289-202

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

MEMORANDUM OPINION

A Bowie County jury convicted Tevin Raymond Wilson of sexual assault of a child and assessed a sentence of five years' imprisonment with a $5,000.00 fine. *See* TEX. PENAL CODE ANN. § 22.011 (Supp.). On appeal, Wilson argues (1) that the trial court erred by admitting speculative testimony and (2) that the State made an improper closing argument at trial. We overrule both of Wilson's appellate points of error based on the rules of waiver and error preservation. As a result, we affirm the trial court's judgment.

## I. Waiver and Preservation Rules Lead Us to Overrule Wilson's Evidentiary Complaint

In his first point of error on appeal, Wilson argues that the trial court erred by overruling his speculation objection. We find that Wilson failed to object to the same or similar testimony at trial. We also find that Wilson failed to preserve his complaint that the trial court should have excluded the testimony under the lay-witness rule. *See* TEX. R. EVID. 701.

### A. Factual Background

D. E. Evans, a sergeant with the Texarkana, Texas Police Department, testified that he was dispatched to a local hospital to speak with Samantha,[1] a fifteen-year-old "sexual assault victim . . . who had been sexually assaulted by her basketball coach" while she was at his apartment. According to Evans, Samantha's friend and fellow basketball teammate, Joyce, was also at the hospital. Joyce testified that Wilson began calling her while she was at the hospital with Samantha "to see if [Joyce] knew about th[e] situation or if [Samantha] told [Joyce] about

---

[1]We will use pseudonyms to protect the identities of individuals who were minors at the time of the offense. *See* TEX. R. APP. P. 9.10.

the situation." Joyce said that she put Wilson on speakerphone and recorded the conversation. Evans testified that he listened to the recorded call between Wilson and Joyce, which was played for the jury. On the call, Wilson asked at least four times what Samantha had told Joyce.

When the State asked Evans for his opinion of Wilson and Joyce's conversation based on his training and experience in law enforcement, Evans testified, "To me, it's like [Wilson] was fishing for information from the victim's friend to try to find out what she told law enforcement." Wilson objected to the testimony as speculative, but the objection was overruled. The State continued its questioning of Evans. Without objection, Evans testified that suspects call others "just so they can get information about the case, and then they can adjust their story to try to make it look like they didn't do anything."

## B. Analysis

On appeal, Wilson first argues that Evans's testimony that Wilson "was fishing for information from [Joyce]" was speculative. Wilson's objection was overruled, but he did not obtain a running objection. The recording of the call between Wilson and Joyce was in evidence. The jury heard Wilson ask Joyce what Samantha had told her. Evans initially testified specifically about that call. Evans then testified, without objection, regarding general patterns of suspects trying to obtain information for use in "adjust[ing]" their stories. Wilson's failure to object to Evans's later testimony was critical since the Texas Court of Criminal Appeals has clarified that "a party must object each time the inadmissible evidence is offered or obtain a running objection. An error [if any] in the admission of evidence is cured where the same evidence comes in elsewhere without objection." *Davis v. State*, 614 S.W.3d 223, 229 (Tex.

3

App.—Texarkana 2020, no pet.) (alteration in original) (quoting *Lane v. State*, 151 S.W.3d 188, 193 (Tex. Crim. App. 2004)); *see Josey v. State*, 97 S.W.3d 687, 698 (Tex. App.—Texarkana 2003, no pet.) ("If the same or similar evidence is admitted without objection at another point during the trial, improper admission of the evidence will not constitute reversible error."). "This rule applies whether the same evidence was admitted 'without objection . . . before or after the complained-of ruling.'" *Davis*, 614 S.W.3d at 229 (quoting *Lane*, 151 S.W.3d at 193). We find that Evans's later testimony was substantially similar to the testimony that drew Wilson's objection. *See Cook v. State*, 665 S.W.3d 595, 600 (Tex. Crim. App. 2023). Since Wilson did not object to this later testimony, we overrule this complaint since any error in admitting the earlier testimony was cured.

Next, Wilson argues that Evans's testimony constituted an impermissible lay opinion under Rule 701 of the Texas Rules of Evidence. *See Osbourn v. State*, 92 S.W.3d 531, 535–36 (Tex. Crim. App. 2002) (discussing the differences between lay-person-opinion testimony under Rule 701 and expert-opinion testimony under Rule 702). The State argues that Wilson did not preserve this issue, and we agree.

Wilson only raised a speculation objection at trial, did not object that Evans was offering a lay opinion, and raised no argument fairly notifying the trial court of any objection under Rule 107. "To preserve error, a party must object and state the grounds for the objection with enough specificity to make the trial judge aware of the complaint, unless the specific grounds were apparent from the context." *Davison v. State*, 602 S.W.3d 625, 649 (Tex. App.—Texarkana 2020, pet. ref'd) (quoting *Thomas v. State*, 505 S.W.3d 916, 924 (Tex. Crim. App. 2016) (citing

4

TEX. R. APP. P. 33.1(a)(1))). "The objection must be sufficiently clear to give the judge and opposing counsel an opportunity to address and, if necessary, correct the purported error." *Id.* (quoting *Thomas*, 505 S.W.3d at 924). "If a trial objection does not comport with arguments on appeal, error has not been preserved." *Id.* (quoting *Thomas*, 505 S.W.3d at 924). After reviewing the record, we find that Wilson failed to preserve his Rule 701 argument. Accordingly, we overrule his first point of error on appeal.

## II.    Wilson Failed to Preserve His Complaint About the State's Closing Argument

In his second point of error, Wilson complains of the following closing argument given by the State on the ground that it injected facts not in evidence:

> [Wilson's counsel] asked, you know, well, I didn't get to talk to [Samantha] about the consequences of lying. You know who did? Me [the prosecutor]. I talked to her. I called her and said, are you ready to go? And she said you bet. Think about the times that she's had in the last four years to be like, hmm, I don't think I want to do this anymore. I've moved on with my life. I don't want any part of this. And I called her a month ago, and I said, are you ready, because we are, and she said, yes, ma'am. That's how that works.

Wilson admits that there was no objection to the State's closing argument at trial. Even so, he argues that we should address the issue based on the opinion of the Texas Court of Criminal Appeals in *Janecka v. State*, 937 S.W.2d 456, 474 (Tex. Crim. App. 1996) (per curiam). There, the Texas Court of Criminal Appeals found that Janecka failed to preserve her complaints of "various improper and inflammatory statements during [the State's] closing arguments" by failing to raise an objection at trial. *Id.* Even so, the Texas Court of Criminal Appeals wrote, "Without timely and specific objections, the question of allegedly improper closing arguments is not preserved for review unless *manifestly improper*." *Id.* (emphasis

5

added). Complaining that the State's arguments here were manifestly improper, Wilson argues that error preservation was not required. However, the Texas Court of Criminal Appeals has clarified that "the statement in *Janecka* was dictum" and that an objection is required to preserve error. *Threadgill v. State*, 146 S.W.3d 654, 670 (Tex. Crim. App. 2004).

The requirement of error preservation was restated by the Texas Court of Criminal Appeals again in *Hernandez v. State*, when it reiterated that "[t]he right to a trial untainted by improper jury argument is forfeitable." *Hernandez v. State*, 538 S.W.3d 619, 622 (Tex. Crim. App. 2018) (citing *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996) (plurality op.)). As a result, it is clear that "[e]ven an inflammatory jury argument is forfeited if the defendant does not pursue his objection to an adverse ruling." *Id.* at 622–23 (citing *Estrada v. State*, 313 S.W.3d 274, 303 (Tex. Crim. App. 2010) (even assuming prosecutor's argument was so egregious that instruction to disregard would be ineffectual, defendant "should have moved for a mistrial to preserve this error.")). By its ruling in *Hernandez*, the Texas Court of Criminal Appeals expressly rejected the defendant's argument that "error preservation was not required here due to the egregious nature of the prosecutor's argument." *Id.* at 623. Instead, the Texas Court of Criminal Appeals clarified, "Erroneous jury argument must be preserved by objection pursued to an adverse ruling; otherwise, any error from it is waived." *Id.*

Here, the record establishes that Wilson failed to object to the closing argument he now complains of. As a result, we find Wilson's last point of error unpreserved. It is overruled.

## III.      Disposition

We affirm the trial court's judgment.


                                        Jeff Rambin
                                        Justice

Date Submitted:      September 12, 2024
Date Decided:        October 8, 2024

Do Not Publish