**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-22-00268-CR
_____

**HARVEY LEE ISADORE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the Criminal District Court**
**Jefferson County, Texas**
**Trial Cause No. 20-34089**
_____

**MEMORANDUM OPINION**

A jury found Harvey Lee Isadore guilty of continuous sexual abuse of two children younger than fourteen, "James" and "Jill," a first-degree felony. *See* Tex. Penal Code Ann. § 21.02.[1] At the conclusion of trial, the jury assessed Isadore's punishment at twenty-eight years of imprisonment. *See id*. § 12.32(a).

---

[1]We refer to the crime victims by pseudonym to protect their privacy. *See* Tex. Const. art. I, § 30(a)(1) (granting crime victims "the right to be treated with fairness

1

On appeal Isadore argues two issues. First, he argues that the trial court committed reversible error by striking at him over the shoulders of defense counsel when it improperly chastised and shamed counsel in front of the jury. Second, he argues that reversible error occurred when the State engaged in improper argument on unproven extraneous bad acts. We affirm.

## Background

We limit our background discussion to the issues on appeal. At trial, several witnesses testified, including forensic interviewers, police officers, investigators, a SANE examiner, sexual assault counselors, and the child victims. James and Jill testified that Isadore sexually abused them when they were seven and eight by putting his sexual organ into their body. Isadore took the stand and denied all allegations of sexual abuse against James and Jill. At the conclusion of trial, a jury convicted Isadore of continuous sexual abuse of the children, and after a separate trial for punishment, sentenced him to twenty-eight years' incarceration in the Texas Department of Criminal Justice. He timely appealed.

and with respect for the victim's dignity and privacy throughout the criminal justice process").

2

## Issue One

In his first issue, Isadore argues the trial court committed reversible error when it chastised his defense counsel in the jury's presence. Specifically, he contends that "[b]y striking at appellant over the shoulders of defense counsel, the trial court denied [him] a fair trial." The State argues Isadore failed to preserve his complaint for our review. We agree.

On appeal, Isadore complains about the following exchange between the trial court and trial counsel during defense counsel's direct examination of Isadore.

> [DEFENSE COUNSEL]: Whenever you were over there, were other people around when they came over to ask you to help? Was somebody at the house?
>
> [ISADORE]: Yes, all the time. His wife…there's a side door right there on the side. You come out of there and right there. Ain't no way nobody doing nothing in there without her knowing or going in there, him also.
>
> [DEFENSE COUNSEL]: You couldn't get in there anyway, cause it was locked?
>
> [THE STATE]: Objection, your Honor. If [Defense Counsel] is going to keep testifying, can we put him under oath?
>
> [DEFENSE COUNSEL]: You can put me under oath any time you want, [the State].
>
> THE COURT: All right. Both of you, both of you.
>
> [DEFENSE COUNSEL]: I'm sorry, Judge.
>
> THE COURT: This Court demands collegiality and professionalism.

3

[DEFENSE COUNSEL]: I apologize.

THE COURT: Shame on one or both of you that show it, especially in front of the voters and the citizens of this county who demand the highest and expect the highest performance levels in this courtroom, as I do.

[DEFENSE COUNSEL]: Yes, your Honor.

THE COURT: We're talking about a legacy that we're living from the Constitution. I don't need to repeat my experiences. I've had to stand up to the violations of the Constitution and in the James Byrd case and see right from wrong and standing up for what people have sacrificed for 233 years. I don't want to see that again; or I will act accordingly, as I have the lawful authority to do. Your objection was a leading question, I believe, is the legal objection.

[DEFENSE COUNSEL]: I'll move on, Judge.

THE COURT: I don't want objections that are long-winded arguments. Make a legal objection as we wrote the rules of evidence. Leading question, it is a leading question. The objection is sustained. Let's all act as I know y'all are capable of doing and the highest professional example that you can show because you do it all the -- you do it regularly. Go ahead, please?

[DEFENSE COUNSEL]: May it please the Court?

THE COURT: Yes.

Defense counsel did not object to the trial court's remarks. "To preserve an issue for appellate review, a party must lodge a timely objection and state the specific legal basis for the objection." *Sartin v. State*, 680 S.W.3d 663, 667 (Tex. App.— Beaumont 2023, no pet.); Tex. R. App. P. 33.1. "Preservation of error is a systemic

4

requirement on appeal." *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009). When an issue is not preserved for appeal, the court of appeals should not address its merits. *Id*.

"Ordinarily, a complaint regarding an improper judicial comment must be preserved at trial." *Unkart v. State*, 400 S.W.3d 94, 99 (Tex. Crim. App. 2013). Citing the plurality's opinion in *Blue v. State*, 41 S.W.3d 129, 132–33 (Tex. Crim. App. 2000), Isadore argues no objection was necessary because the trial court's comments constituted fundamental error which undermined his right to a fair trial.[2] In *Blue*, the trial judge apologized to the panel members about a long delay before starting the trial and explained that the delay had been caused by the defendant's indecision about whether to accept a plea agreement or go to trial. *Id*. The trial court commented, "Frankly, obviously, I prefer the defendant to plead because it gives us more time to get things done." *Id*. The defendant did not object, but on appeal, argued the trial judge's comments were fundamental error. The Court of Criminal Appeals agreed because the trial judge's comments "tainted the presumption of innocence." *Id*. The Court reasoned, "A juror who hears the judge say that he would have

---

[2] "[T]he *Blue* decision has no precedential value" because "it is not possible to ascertain a majority holding or the narrowest ground or rule that commands a majority of the court." *Unkart,* 400 S.W.3d at 101. Nevertheless, *Blue* may be cited for any persuasive value it may have. *Id*.

5

preferred that the defendant plead guilty might assume that the judge knows something about the guilt of the defendant that the juror does not. Surely, no trial judge would want an innocent man to plead guilty, no matter how much delay and expense he might be causing." *Id*.

Isadore also cites *Pitre v. State*, No. 09-95-140 CR, 1997 Tex. App. LEXIS 3883, at *8 (Tex. App.—Beaumont July 23, 1997, no writ) (not designated for publication), where we observed, "The trial judge is responsible for the general conduct of the trial, and he may properly intervene to promote its expedition. We allow him discretion in expressing himself while he controls the trial, even though he should refrain from verbally confronting or displaying displeasure towards counsel."

As in *Unkart*, "[w]hat happened in the present case is a far cry from what happened in *Blue*." *Unkart*, 400 S.W.3d at 102. The trial court's remarks in this case could not have had any effect on the presumption of innocence, nor did they express an opinion about the case. Instead, the trial court addressed what it apparently perceived as a lack of decorum on the part of both attorneys. As Isadore concedes in his brief, the trial judge's comments were directed at both the prosecutor and defense counsel. The judge did not single out defense counsel. If anything, the judge's remarks appear to have been directed more toward the prosecution than the defense:

"Your objection was a leading question, I believe, is the legal objection… I don't want objections that are long-winded arguments. Make a legal objection as we wrote the rules of evidence. Leading question, it is a leading question."

As we stated in *Pitre*, although the trial judge may have expressed impatience with the trial attorneys, the record "does not reflect that the complained-of statement conveyed the judge's opinion of the case or that it prejudiced appellant." *Pitre*, 1997 Tex. App. LEXIS 3883, at *8. The record does not support Isadore's argument that the trial court's comments deprived him of a fair trial. Therefore, we hold the trial court's remarks in this case do not constitute fundamental error. Because no contemporaneous objection was made in the trial court, Isadore's complaints on appeal were not preserved for our review. We overrule Isadore's first issue.

**Issue Two**

In his second issue, Isadore argues "the State engaged in improper argument by implying that appellant had abused other children in his family[,]" and "[n]o objection could have cured the error because no instruction could have removed the harm caused by the egregious argument." Once again, the State argues Isadore failed to preserve the complaint for our review. We agree.

Isadore directs our attention to the following statement made by the State during closing argument.

Mr. Isadore also said that he had four children by four women, two daughters, two sons, and grandchildren. But he couldn't tell you how many grandchildren he had. He couldn't tell you the names of his grandchildren. But he could tell you this: His two daughters don't come around. They don't see him. They don't call him. He tried to blame that on their mother but, as he said, they're 30 and 36 years old. If they loved their daddy and they wanted to talk to their dad and visit with their dad, they could do it on their own. There's a reason those girls do not come around this man; and if they have children, which he doesn't even seem to know, there's a reason they don't bring those kids around. And I asked him, I asked him about his son's son, the woman who had a child with him. He goes, oh, she doesn't come around. I don't see him. He doesn't know anything about him, another person in his own family who will not come around him and will not bring their children around him. But he does have access to children. He said so, his nieces and his nephews. He also told you that he was shot above the heart, that he spent four days in the hospital, but he couldn't tell you when that was. You know, if I got shot, I think I would remember when I got shot. If I spent four days in a hospital for it and it affected my ability to ride a bicycle, I would remember when I got shot. I'm not sure how getting shot in the chest keeps you from sitting your behind on a bicycle, but that's what he said, if you believe him.

Defense counsel did not object to this argument. On appeal, Isadore argues he was not required to object, because the argument was incurable. "Even incurably improper jury argument is forfeitable." *Hernandez v. State*, 538 S.W.3d 619, 623 (Tex. Crim. App. 2018). "[A] defendant's 'right' not to be subjected to incurable erroneous jury arguments is one of those rights that is forfeited by a failure to insist upon it. Therefore, we hold a defendant's failure to object to a jury argument or a defendant's failure to pursue to an adverse ruling his objection to a jury argument forfeits his right to complain about the argument on appeal." *Cockrell v. State*, 933

S.W.2d 73, 89 (Tex. Crim. App. 1996) (citing *Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993) and *Campbell v. State*, 900 S.W.2d 763, 774-77 (Tex. App.—Waco 1995, no pet.) (Thomas, C.J., concurring)).

Because the defense did not object to the challenged argument, we conclude that Isadore failed to preserve his complaint for our review. *See* Tex. R. App. P. 33.1(a); *Hernandez*, 538 S.W.3d at 623. We overrule Isadore's second issue.

Having determined Isadore failed to preserve either of his two issues for appellate review, we affirm the trial court's judgment.

AFFIRMED.

KENT CHAMBERS
Justice

Submitted on March 20, 2024
Opinion Delivered October 23, 2024
Do Not Publish

Before Golemon, C.J., Johnson and Chambers, JJ.

9