

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00229-CR

———————————————

JOSHUA THOMAS LOVETT, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 372nd District Court
Tarrant County, Texas
Trial Court No. 1774076

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

Appellant Joshua Thomas Lovett appeals his conviction for assault on a family member causing bodily injury with a prior conviction for assault on a family member causing bodily injury and sentence of nine years' incarceration and a $5,000 fine. In his one point, Lovett argues that the trial court erred by admitting his recorded statements made while he was in custody but without being admonished regarding his *Miranda* rights.[1] Because we conclude that Lovett failed to preserve this point for our review, we will affirm.

Lovett complains that a North Richland Hills Police officer "interrogated" him at his house on the night of the charged offense "without the benefit of apprising him regarding his *Miranda* rights or the rights incorporated into Articles 38.21 and 38.22 of the Texas Code of Criminal Procedure."[2] *See* Tex. Code Crim. Proc. Ann. arts. 38.21, 38.22.[3] He correctly asserts that at trial, when the officer was on the witness stand, the prosecutor asked him what Lovett had said that night, and Lovett objected that "the

---

[1]*See Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602 (1966).

[2]Lovett does not challenge the sufficiency of the evidence to support his conviction, and our resolution of his only point on appeal does not require a harm analysis. We therefore need not summarize the facts of the charged offense but will incorporate the necessary details into our analysis.

[3]Since Lovett's trial, an amended version of Article 38.22 has gone into effect. Act of May 19, 2023, 88th Leg., R.S., Ch. 765, §§ 2.020, 4.003, art. 38.22, 2023 Tex. Sess. Law Serv. 1837, 1935, 1975 (to be codified at Tex. Code Crim. Proc. Ann. art. 38.22, § 9). Our analysis would be the same under either version of the statute.

proper predicate" had not "been laid for a custodial statement to come in." Without ruling on Lovett's objection, the trial court told the parties to approach the bench. The trial court asked if Lovett was "taken into custody that day," and the prosecutor responded, "At the very end of this call. This is the very initial contact." Lovett's attorney argued that "he's already been detained and patted down and appears not to be free to leave," but the prosecutor countered that Lovett was "not handcuffed" and was "in his own home." The trial court then told the prosecutor, "Why don't you lay that predicate and then I'll rule."

Back in the jury's presence, the prosecutor asked the officer several more questions.[4] When the prosecutor asked the officer, "What did he say?" Lovett stated, "Objection renewed at this time, Your Honor." The trial court overruled the objection and allowed the officer to testify.

Lovett made no further objections until the prosecutor sought to introduce State's Exhibits 36 and 37, videos captured by the officer's body camera.[5] Outside the jury's presence, Lovett raised hearsay and Confrontation Clause objections to State's Exhibit 36. The trial court sustained his hearsay objection in part but overruled his Confrontation Clause objection, admitted a redacted version of the video, and granted

---

[4]Lovett made one additional objection—"leading"—to one of the prosecutor's questions, and the trial court sustained that objection.

[5]In his brief, Lovett characterizes State's Exhibits 36 and 37 as his "two separate interrogations."

3

him a running objection. When the trial court asked Lovett if he had any objection to State's Exhibit 37, Lovett referred to his "running objection for admissibility under 38.37 [sic] earlier," apparently referencing his previous day's objection under Code of Criminal Procedure 38.371,[6] and then stated that he "would have nothing further in addition to that." The trial court overruled "that specific objection" and admitted the video in its entirety. Lovett made no further objections to the videos.

### A. *Miranda* and Texas Law on Voluntariness

Under Article 38.21, "A statement of an accused may be used in evidence against him if it appears that the same was freely and voluntarily made without compulsion or persuasion." Tex. Code Crim. Proc. Ann. art. 38.21. A defendant may claim that his statement was not freely and voluntarily made and thus may not be used as evidence against him under a few different theories: (1) Texas Code of Criminal Procedure Article 38.22, Section 6—general voluntariness; (2) *Miranda*, as expanded in Article 38.22, Sections 2 and 3 (the Texas confession statute); or (3) the Due Process Clause. *Oursbourn v. State*, 259 S.W.3d 159, 169 (Tex. Crim. App. 2008). Construing

---

[6]Article 38.37 applies to evidence of extraneous offenses or acts in proceedings in the prosecution of a defendant for certain sexual or assaultive offenses. *See* Tex. Code Crim. Proc. Ann. art. 38.37, § 1. The preceding day, the State had offered evidence of Lovett's extraneous conduct under Article 38.371, which applies specifically to evidence in family-violence cases. *See id.* art. 38.371(a). At a hearing outside the jury's presence, Lovett requested and received "a running objection towards the admission of [evidence of his] drug and alcohol use and prior assault under relevance, [Texas Rule of Evidence] 403, and improper character evidence" and requested and received a limiting instruction. We assume without deciding that this is the "running objection" to which Lovett referred.

Lovett's brief liberally, *see* Tex. R. App. P. 38.1(f), 38.9, he appears to argue that his statements to the officer that were admitted into evidence were involuntary on all three grounds. He did not, however, object on any of these grounds at trial.

**B. Preservation of Error**

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion sufficiently stating the specific grounds, if not apparent from the context, for the desired ruling. Tex. R. App. P. 33.1(a)(1); *Montelongo v. State*, 623 S.W.3d 819, 822 (Tex. Crim. App. 2021). An objection must be specific concerning (a) grounds, (b) parts, (c) parties, and (d) purposes. *See* Tex. R. App. P. 33.1(a)(1); *Ensley v. State*, No. 02-24-00188-CR, 2025 WL 1717144, at *3 (Tex. App.—Fort Worth June 19, 2025, pet. filed) (mem. op., not designated for publication). Further, the party must obtain an express or implicit adverse trial-court ruling or object to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Dixon v. State*, 595 S.W.3d 216, 223 (Tex. Crim. App. 2020). Most complaints, "whether constitutional, statutory, or otherwise, are forfeited by failure to comply with Rule 33.1(a)." *Mendez v. State*, 138 S.W.3d 334, 342 (Tex. Crim. App. 2004).

The complaint made on appeal must comport with the complaint made in the trial court or the error is forfeited. *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012); *Lovill v. State*, 319 S.W.3d 687, 691–92 (Tex. Crim. App. 2009) ("A complaint will not be preserved if the legal basis of the complaint raised on appeal varies from the complaint made at trial."); *Pena v. State*, 285 S.W.3d 459, 464 (Tex.

Crim. App. 2009) ("Whether a party's particular complaint is preserved depends on whether the complaint on appeal comports with the complaint made at trial."). To determine whether the complaint on appeal conforms to that made at trial, we consider the context in which the complaint was made and the parties' shared understanding at that time. *Clark*, 365 S.W.3d at 339; *Resendez v. State*, 306 S.W.3d 308, 313 (Tex. Crim. App. 2009); *Pena*, 285 S.W.3d at 464.

Here, Lovett's appellate point does not comport with any of the objections that he made in the trial court. His initial objection to the officer's testimony was, "I don't think the proper predicate has been laid for a custodial statement to come in." The trial court did not immediately rule on that objection, and Lovett did not object to its refusal to rule. To preserve a complaint for appellate review, the record must reflect that the appellant complained to the trial court and either that the trial court ruled on the complaint—expressly or implicitly—or that the appellant objected to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); Tex. R. Evid. 103(a); *Dixon*, 595 S.W.3d at 223–24; *Hernandez v. State*, 538 S.W.3d 619, 622–23 (Tex. Crim. App. 2018); *Pena v. State*, 353 S.W.3d 797, 807 (Tex. Crim. App. 2011). Even if we inferred, based on the context in which Lovett's objection was made and the parties' shared understanding at that time, that when Lovett later stated, "Objection renewed at this time," both the State and the trial court understood him to be renewing his "predicate" objection, Lovett never mentioned *Miranda*, Article 38.21, Article 38.22, or due process. An objection preserves only the specific ground cited. Tex. R. App. P.

6

33.1(a)(1)(A); Tex. R. Evid. 103(a)(1)(B); *Mosley v. State*, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh'g).

Lovett also never repeated his "predicate" objection. Generally, a defendant must timely object each time the State offers objectionable evidence unless the defendant obtains a running objection, which is an exception to the contemporaneous-objection rule. *Geuder v. State*, 115 S.W.3d 11, 13 (Tex. Crim. App. 2003); *Ethington v. State*, 819 S.W.2d 854, 858–59 (Tex. Crim. App. 1991). Here, Lovett asked for and received a running objection to State's Exhibit 36—the video containing his objected-to statement to the officer—on hearsay and confrontation clause grounds and a separate running objection to evidence of his extraneous offenses and acts based on multiple different rules of evidence. Additionally, when the trial court asked him if he had any objections to State's Exhibit 37, he alluded to "a running objection for admissibility under [Texas Code of Criminal Procedure Article] 38.37" and secured a ruling from the trial court.[7] He thus preserved error on those grounds but chose not to raise any of them on appeal. We therefore hold that the only point that Lovett raises on appeal—that the trial court reversibly erred in admitting

---

[7]Lovett made these objections outside the jury's presence and therefore did not need to repeat them when the trial court admitted the evidence even if the trial court had not granted his requested running objections. *See* Tex. R. Evid. Rule 103(b) ("When the court hears a party's objections outside the presence of the jury and rules that evidence is admissible, a party need not renew an objection to preserve a claim of error for appeal."). However, he made—and renewed—his objection to the officer's testimony in the presence of the jury.

his recorded statements made while he was in custody yet without being admonished regarding his *Miranda* rights—has been forfeited, *see Clark*, 365 S.W.3d at 339; *Lovill*, 319 S.W.3d at 691–92; *Resendez*, 306 S.W.3d at 316–17; *Ensley*, 2025 WL 1717144, at *5,[8] and we overrule it.

Having overruled Lovett's only point, we affirm the trial court's judgment.

/s/ Mike Wallach
Mike Wallach
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: July 31, 2025

---

[8]We further note the well-settled rule that "overruling an objection to evidence will not result in reversal when other such evidence was received without objection, either before or after the complained-of ruling." *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998). Here, Lovett did not continue to object when the officer testified to what Lovett had said to him, nor did he object to the admissibility of his statements on State's Exhibit 36.