**Opinion issued December 9, 2025**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-24-00519-CR

_____

**ANGEL ADRIAN ARELLANO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 486th District Court**
**Harris County, Texas**
**Trial Court Case No. 1799014**

---

## MEMORANDUM OPINION

A jury convicted Angel Adrian Arellano of aggravated sexual assault of a child.[1] The trial court sentenced Arellano to thirty years in prison.

---

[1]  *See* TEX. PENAL CODE § 22.021(a).

Arellano argues on appeal that the trial court abused its discretion by failing to grant a mistrial based on the prosecutor's allegedly improper jury argument. We disagree and affirm.

## Background

In July 2021, when A.A. was twelve years old, she spent a week with her father, Arellano, at his home in Houston. A few weeks after A.A. returned home to El Paso where she lived with her mother, A.A. made an outcry to her mother that Arellano sexually assaulted her during their July visit. A.A.'s mother reported the allegation to law enforcement in El Paso and an investigation ultimately was initiated by the Harris County Sheriff's Office. A.A. was taken for a SANE[2] examination and forensic interview in El Paso. The medical exam revealed "vaginal notches," which are "indention[s] in the tissue of the vagina or the hymen," that were "concerning for penetration."

At trial, A.A. testified that on her last night in Houston, at Arellano's home, Arellano sexually assaulted her by penetrating her vagina with his penis and performing oral sex on her. A.A. testified that after she took a shower, Arellano told her to sit on the bed and said: "let me teach you something." Arellano then grabbed a condom and began kissing A.A.'s neck. He put the condom on, told A.A. to get

---

[2] SANE stands for sexual assault nurse examiner.

2

in "the doggy position," and then he put his penis in her vagina. A.A. also testified that Arellano performed oral sex on her.

A.A. further testified that the following day, approximately three to four hours outside of El Paso, Arellano pulled off the highway and parked on the side of a private road. After he pulled over, Arellano took a condom from his bag and told A.A. to get on top of him while he was in the driver's seat. He then engaged in vaginal intercourse with A.A. for a second time.

Arellano was convicted of aggravated sexual assault of a child and sentenced to thirty years in prison.

## Mistrial for Improper Jury Argument

In his sole issue, Arellano argues that the trial court abused its discretion by denying his motion for mistrial after the prosecutor's improper jury argument.

### A.    Standard of Review and Applicable Law

When, as here, the trial court instructs the jury to disregard improper argument, the proper analysis is whether the trial court abused its discretion in denying the defendant's motion for mistrial. *See Becerra v. State*, 685 S.W.3d 120, 127 (Tex. Crim. App. 2024); *Archie v. State*, 221 S.W.3d 695, 699–700 (Tex. Crim. App. 2007) ("Here, the trial court sustained the defense objection and granted the requested instruction to disregard. The only adverse ruling—and thus the only occasion for making a mistake—was the trial court's denial of the motion for

3

mistrial. Under those circumstances, the proper issue is whether the refusal to grant the mistrial was an abuse of discretion." (quoting *Hawkins v. State*, 135 S.W.3d 72, 76–77 (Tex. Crim. App. 2004)). In applying this standard, we do not substitute our judgment for that of the trial court. *Becerra*, 685 S.W.3d at 127. Rather, we must decide whether the trial court's decision was arbitrary or unreasonable. *Id.* A trial court abuses its discretion when no reasonable view of the record could support its ruling. *Id.*

In making that determination, we are instructed to uphold a trial court's decision to deny a mistrial "if it was within the zone of reasonable disagreement." *Archie*, 221 S.W.3d at 699; *Griffin v. State*, 571 S.W.3d 404, 416 (Tex. App.—Houston [1st Dist.] 2019, pet. ref'd). And we must review the trial court's ruling in light of the arguments that were before the trial court at the time it ruled. *Wead v. State*, 129 S.W.3d 126, 129 (Tex. Crim. App. 2004).

A mistrial is an extreme remedy. *Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009). It is to be used sparingly for "a narrow class of highly prejudicial and incurable errors" committed during the trial process. *Turner v. State*, 570 S.W.3d 250, 268 (Tex. Crim. App. 2018).[3] It is reserved for improper conduct during trial

---

[3] *See Archie v. State*, 340 S.W.3d 734, 739 (Tex. Crim. App. 2011) (explaining that motion for mistrial is appropriate only when "the objectionable events are so emotionally inflammatory that curative instructions are not likely to prevent the jury from being unfairly prejudiced against the defendant" (internal quotations omitted)).

that is "so prejudicial that expenditure of further time and expense would be wasteful and futile." *Hawkins*, 135 S.W.3d at 77 (internal quotations omitted). And it is "an extreme remedy and should be exceedingly uncommon." *Williams v. State*, 417 S.W.3d 162, 175 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd).

Where, as here, constitutional rights are not implicated,[4] we balance three factors to determine whether the trial court's refusal to grant a mistrial was an abuse of discretion: (1) the severity of the misconduct (including its prejudicial effect), (2) the effectiveness of the curative measures taken, and (3) the certainty of the conviction absent the misconduct. *See Archie v. State*, 340 S.W.3d 734, 739 (Tex. Crim. App. 2011) (citing *Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998)).

A prompt instruction to disregard ordinarily cures any resulting harm. *Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000). And, on appeal, we generally presume the jury followed the trial court's instructions. *Thrift v. State*, 176 S.W.3d 221, 224 (Tex. Crim. App. 2005). Thus, a mistrial is required only in those "extreme circumstances" where the prejudice is "incurable." *Hawkins*, 135 S.W.3d at 77.

---

[4] Generally, error involving improper jury argument is non-constitutional. *See Martinez v. State*, 17 S.W.3d 677, 692 (Tex. Crim. App. 2000).

**B. Analysis**

During closing argument, the prosecutor made the following statements:

[The State]: If you find him not guilty, if you let this man walk out those doors, he won't stop. He's going to do this again. There will be another victim.

And next time, he's going to get away with it because we just taught him how. Next time he won't have the brave victim that we had in this trial or maybe we won't have the injuries we had in this trial. He's going to find a more submissive child that he can successfully manipulate to not say anything.

My question to you is: How many victims does he have to assault, does he have to rape? How many children does he have to take their innocence from? How many victims do I have to put on the stand before we hold him accountable for what he's doing to the kids in our community, for what he did to [A.A.], his own daughter. Because you better believe if he can do it to his own daughter, he can do it to anyone.

If you let him walk out those doors, he's going to get on the elevator with you, he's going to go out into our community, he is going to do it again. He won't have a sign on his back saying: I like to rape children. The only people who would know what he's capable of is you 12 right here. Don't let him walk out those doors. Don't let him get away with putting his penis in his 12-year-old daughter's vagina and raping her repeatedly. Don't let him do it to another kid. If you find him not guilty, you're telling the children of our community that we don't care who—

[Defense]: Objection. Improper community argument, Your Honor.

The Court: All right. That's sustained.

[Defense]: Instruction to disregard.

6

The Court:   The jury will disregard the last comment by the juror—by the prosecutor.

[Defense]:   Move for a mistrial, Your Honor.

The Court:   That's denied.

Arellano contends that all the above statements were improper jury argument because the prosecutor unequivocally told the jury that Arellano would commit future crimes if acquitted. Arellano argues that this argument was unsupported by the evidence, served only to inflame the jury, and does not fit within one of the four proper areas of jury argument: (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) answers to opposing counsel's argument; and (4) pleas for law enforcement. *See Freeman v. State*, 340 S.W.3d 717, 727 (Tex. Crim. App. 2011).

Although Arellano challenges the prosecutor's entire argument set out above on appeal, he did not object at trial until the prosecutor's final statement—"If you find him not guilty, you're telling the children of our community that we don't care who . . . ." Arellano failed to object to the remainder of the prosecutor's argument which he now complains about on appeal.

"Before a defendant will be permitted to complain on appeal about an erroneous jury argument or that an instruction to disregard could not have cured an

erroneous jury argument,[5] he will have to show he objected and pursued his objection to an adverse ruling." *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). Further, to preserve error, a party is required to object each time an objectionable argument is made. *Ethington v. State*, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991). Because Arellano did not raise a contemporaneous objection to any of the other statements by the prosecutor, we hold he has forfeited his right to complain about these statements on appeal. *See Cockrell*, 933 S.W.2d at 89; *Ethington*, 819 S.W.2d at 858.

As to the prosecutor's statement—"If you find him not guilty, you're telling the children of our community that we don't care who . . . ."—Arellano preserved his "improper community"[6] objection to this statement by objecting, requesting an instruction to disregard, and moving for a mistrial. *See Cockrell*, 933 S.W.2d at 89.

---

[5] Arellano contends that this unpreserved error is still reversible if the argument was so manifestly improper that an instruction would not have cured the harm. We disagree. This contention was rejected by the Court of Criminal Appeals in *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). The court explained that "a defendant's 'right' not to be subjected to incurable erroneous jury arguments is one of those rights that is forfeited by a failure to insist upon it." *Id.* (citing *Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993)). Therefore, the court held that "a defendant's failure to object to a jury argument or a defendant's failure to pursue to an adverse ruling his objection to a jury argument forfeits his right to complain about the argument on appeal." *Id.*; *see also Hernandez v. State*, 538 S.W.3d 619, 623 (Tex. Crim. App. 2018) ("Even incurably improper jury argument is forfeitable.").

[6] A prosecutorial argument is improper if it induces the jury to reach a particular verdict based upon the demands, desires, or expectations of the community. *See Cortez v. State*, 683 S.W.2d 419, 420–21 (Tex. Crim. App. 1984).

Assuming that this statement was improper, we now consider whether the trial court abused its discretion by denying Arellano's motion for mistrial based on this improper argument, which requires us to conduct a *Mosley*[7] analysis.

We begin by assessing the severity of the improper jury argument in light of the prejudicial effect of the prosecutor's remarks. *Archie*, 340 S.W.3d at 739 (citing *Mosley*, 983 S.W.2d at 259). Arellano argues that the improper argument was not inconsequential because it was "a targeted two-fold message, repeated again and again and again: [Arellano] has done this before, and he will do it again."

But as noted above, Arellano raised no objections to the portion of the prosecutor's argument where she stated that Arellano would commit crimes in the future if found not guilty. Instead, the prosecutor's community remark—the only statement Arellano objected to—was interrupted mid-sentence by Arellano's objection. Thus, even if the prosecutor had intended to argue for a guilty verdict based on the effect on or expectations of the community, she was not given an opportunity to do so. And any effect this comment could have had on the jury was slight. *See Hughes v. State*, 897 S.W.2d 285, 304–05 (Tex. Crim. App. 1994) (prosecutor's comment regarding expert witness's ethics not so inflammatory as to

---

[7]     *Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998).

be incurable, because, among other reasons, it was interrupted by appellant's objection and not a complete sentence).[8]

Moreover, the prosecutor did not return to this argument about what a not-guilty verdict tells the children of our community again in closing; instead, the prosecutor concluded her argument by urging the jury to hold Arellano accountable for raping his twelve-year-old daughter and to not "let him do this again." *See, e.g.*, *Whitney v. State*, 396 S.W.3d 696, 706 (Tex. App.—Fort Worth 2013, pet. ref'd) (concluding no abuse of discretion in denial of mistrial where trial court sustained defense's objection, immediately ordered jury to disregard, and prosecutor did not revisit same line of argument).  Thus, the first *Mosley* factor weighs in favor of the State.

Second, we assess the efficacy of any curative measures taken by the trial court. *See Archie*, 340 S.W.3d at 739 (citing *Mosley*, 983 S.W.2d at 259).  Here, the trial court sustained Arellano's objection and immediately directed the jury to disregard the prosecutor's community remark.  The trial court also instructed the jury in the charge that it "must not consider, discuss, nor relate any matters not in evidence." *See Hawkins*, 135 S.W.3d at 84 (analysis of this factor should consider

---

[8]     *See also Griffin v. State*, 571 S.W.3d 404, 418 (Tex. App.—Houston [1st Dist.] 2019, pet. ref'd) (prosecutor's comment regarding conspiracy theory of responsibility was not so severe as to warrant mistrial where prosecutor's attempt to define conspiracy during closing argument was interrupted by defense counsel's objection).

instructions given in jury charge); *Griffin*, 571 S.W.3d at 419 (considering trial court's instructions to disregard and jury instructions in charge as curative measures).[9]

On appeal, we presume the jury followed the trial court's instructions and that "[a]lmost any improper argument may be cured by an instruction to disregard." *Williams*, 417 S.W.3d at 175–76 (citation omitted). Only an extremely inflammatory statement, calculated to inflame the minds of the jury, overcomes this presumption. *See id.* at 176. We conclude that the prosecutor's brief and interrupted community remark, even if improper, was not so extreme as to render the trial court's curative instructions ineffective. *See, e.g.*, *Brumfield v. State*, No. 01-09-00675-CR, 2010 WL 5187690, at *9 (Tex. App.—Houston [1st Dist.] Dec. 23, 2010, no pet.) (mem. op., not designated for publication) (holding that prosecutor's statement that community demanded particular punishment was not so extreme as to warrant mistrial and concluding that instruction to disregard cured any error).[10] Thus, the second *Mosley* factor weighs in favor of the State.

---

[9]   *See also Williams v. State*, 417 S.W.3d 162, 179 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd) (considering as curative measure that trial court's "written jury instructions again advised the jury that it should not 'consider, discuss, nor relate any matters not in evidence'").

[10]   *See also Dollgener v. State*, No. 10-01-363-CR, 2003 WL 21404069, at *3 (Tex. App.—Waco June 18, 2003, pet. ref'd) (concluding that trial court's instruction cured prejudicial effect, if any, of State's argument that community expected certain punishment).

Third, we consider the strength of the evidence supporting the conviction. *See Archie*, 340 S.W.3d at 739 (citing *Mosley*, 983 S.W.2d at 259). Here, the record contains strong evidence of Arellano's guilt, including his daughter's testimony detailing the sexual assault, as well as evidence from the medical examination revealing "vaginal notches" that were "concerning for penetration." A.A.'s testimony, standing alone even without any corroboration, is sufficient to support a conviction for aggravated sexual assault of a child. *See* TEX. CODE CRIM. PROC. art. 38.07. Thus, the third *Mosley* factor weighs in favor of the State.

In sum, the alleged error here was not egregious. Curative action was taken by the trial court by an immediate instruction to disregard, as well as instructions in the jury charge. And the evidence supporting Arellano's conviction—including his daughter's account of the sexual assault—was strong. Under the circumstances, the trial court was reasonable in believing that its instruction to disregard was effective and that Arellano suffered no prejudice from the prosecutor's improper remark. We hold that the trial court did not abuse its discretion in denying Arellano's request for a mistrial.

**Clerical Error in the Judgment**

In reviewing the record to address Arellano's issue on appeal, we discovered a nonreversible error in the judgment. The judgment erroneously recites that Arellano entered a plea of "guilty" to the charged offense. But our review of the record unambiguously establishes that Arellano pleaded not guilty to the charge. Accordingly, we modify the judgment to replace "GUILTY" with "NOT GUILTY" in the "Plea to Offense" portion of the judgment. *See* TEX. R. APP. P. 43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992).

**Conclusion**

We affirm the judgment of the trial court as modified above.


Terry Adams
Chief Justice


Panel consists of Chief Justice Adams and Justices Gunn and Johnson.

Do not publish. TEX. R. APP. P. 47.2(b).